[Civ. No. 7256. Second Appellate District, Division Two.—May 2, 1930.]

G. I. FISCHER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

468

Loeb, Walker & Loeb for Petitioners.

Clyde C. Shoemaker for Respondents.

NORTON, J., *pro tem.*—This is an application for a writ of prohibition directed to the Superior Court in and for the county of Los Angeles, commanding said court to refrain from further proceedings in an action therein commenced on the ground that the issues involved in such action are referable to arbitration.

The plaintiff in the suit in question entered into an agreement bearing date May 2, 1929, wherein it conveyed to three trustees all its assets for the purpose of converting them into cash and liquidating its indebtedness. The contract provided that when the indebtedness of the debtor and all expenses of administration of the trust had been paid in full, the trustees were to pay any balance remaining to the debtor. It further provided that the trust should terminate three months from the date of the execution of the contract unless the term thereof was extended by consent in writing of two of the principal creditors, who were parties to the agreement, or unless the trustees decided to terminate the trust prior to such time. It contained the further provision that "in case any dispute arise between the trustees and any of the creditors or debtor as to the amount or validity of any debt or claim, or as to any other matter under or concerning this agreement, then every such dispute shall be referred to the arbitration of three persons."

The debtor, Abrasive Engineering Corporation of California, commenced an action in the above Superior Court in which it seeks an accounting of the administration of the trust and of the properties conveyed by or received from the trustees. In its complaint this plaintiff alleges that all of its assets, together with its goodwill, have been conveyed by the trustees; that the trust terminated on the second day of August, 1929, pursuant to the provisions of the contract to that effect; that the trustees are not pursuing or carrying out the provisions of the contract in connection with the liquidation of the affairs of plaintiff and that prior to the commencement of the action and on or about the twelfth

day of September, 1929, plaintiff in writing demanded of the trustees that they render an account of the administration of the trust and that the trustees and each of them have failed, neglected and refused to render any account of any character whatever of their administration of the trust. An application by two of the defendant trustees to stay the action until arbitration was had was denied by the Superior Court.

The answer of these defendant trustees denies certain of the allegations of the complaint, but for the purposes of this opinion it is unnecessary to set forth the scope of these denials. ▇ The plaintiff's right to relief will depend upon the proofs adduced at the trial, but its right to be heard should in this proceeding be determined by the allegations of its complaint. For the purposes of this case we are presented with a situation where all the trust property has been conveyed by the trustees, the trust has expired and the trustees are no longer operating thereunder, and the matter for decision is whether the demand for an accounting in such circumstances is a dispute as to any matter under or concerning the trust agreement.

▇ A fair construction of the language of the agreement would appear to limit the provision for arbitration to differences of opinion regarding the interpretation of the contract and the administration of the trust. Disputes as to the time when or terms on which the property should be sold and kindred controversies which involve the recognition and carrying out of the trust agreement are those which are to be determined by arbitration. In *Young* v. *Crescent Development Co.*, 240 N. Y. 244 [148 N. E. 510], the arbitration clause provided for the submission of "all questions that may arise under this contract and in the performance of the work thereunder." The court said: "We know by common experience the class of questions to which this language naturally applies. It applies as stated to questions arising under and in the performance of a contract and such questions are those which involve an interpretation of its provisions for the purpose of determining whether work has been done according to the contract, whether work which has been demanded under the contract is really covered by its provisions or constitutes extra work, when payments become due, and so on. All of these questions involve recognition of the contract and not repudiation of it."

■ The record in the present case discloses no dispute regarding any matter which is within the fair meaning of the arbitration clause of the contract. In fact, it discloses no dispute of any character except as to plaintiff's right to an accounting upon the termination of the trust.

The arbitration statutes of this state contemplate a controversy either existing or which may subsequently arise out of the contract containing the arbitration provisions. (Code Civ. Proc., sec. 1280.)

In the case at bar no issue is tendered involving the interpretation of the contract and no controversy has yet developed concerning what has been done under it. The only hint of disagreement in the record would involve conduct in repudiation and not a recognition of the contract, but plaintiffs in this case merely seek an account of the proceedings of the trustees. ■ It is the opinion of the court that plaintiff has this right and that it arises from the familiar jurisdiction of courts of equity to compel an accounting of trust relations, and should not be stayed by the provision for submission to arbitration of disputes as to matters under or concerning the contract.

■ We believe the application for the writ of prohibition should be denied for the further reason that the respondent court has jurisdiction of the subject matter of the action and the jurisdiction to determine the question whether the issue involved in the pending suit is referable to arbitration is vested in the trial court by the provisions of sections 1283 and 1284 of the Code of Civil Procedure. The trial court has the right and power to decide this question, and if it was not satisfied that the issue was referable to so decide and to proceed thereupon to try the action. If the trial court decided erroneously it was error committed in the exercise of its jurisdiction, to be reviewed upon appeal from the judgment.

The writ is denied.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.