[L. A. No. 15144. In Bank.—May 6, 1935.]

CALIFORNIA CANNING MACHINERY COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Charles L. Nichols for Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondents.

THOMPSON, J.—The Benton Ballou Company, Ltd., brought an action against the California Canning Machinery Company, and other defendants, for injunctive relief due to a controversy arising over the interpretation of a license agreement between the plaintiff and the defendant corporation for the use and manufacture of peach-pitting machines, the patents covering which are owned by the California Canning Machinery Company. The point involved is whether the Canning Machinery Company had reserved to itself a joint right to manufacture the pitting machines over and above the 700 then in existence, and as to whether Benton Ballou Co., Ltd., had been granted the exclusive right to sublicense others to use the 700 machines then in existence and a right, not exclusive, to manufacture additional machines embodying the inventions covered by patents, and to sublicense others to use the machines so manufactured. By answer, counterclaim and cross-complaint of the Canning Company substantially the same issues were raised, and the Canning Company further sought to have it adjudged that the agreement had been rescinded. Upon the trial the judgment went in favor of Benton Ballou Company, decreeing that the agreement was in effect, and enjoining the Canning Company from interfering in any manner with the licensees of Benton Ballou Company, or attempting to remove any peach-pitting machines. The action was dismissed as against the personal defendants. The Canning Company appealed, and the appeal is now pending in the District Court of Appeal.

On March 16, 1934, the Canning Company filed what it denominated "Complaint for Declaratory Relief and Other Relief", in which it sought to have it decreed that the license or contract agreement was exclusive only as to certain

machines; that the defendants should be compelled to exploit and promote said machines and keep the same in use, and that if such provisions are not expressed in the agreement, that the contract be reformed to so provide, and to otherwise clarify the obligations and rights of the parties.

The defendants (plaintiffs in the action on appeal) answered and included, among other defenses, a plea in abatement, referring to the prior action as having been prosecuted to judgment and as involving practically the same issues, the appeal from which is still pending. A demurrer directed solely to the plea in abatement was sustained. Benton Ballou Company did not amend within the time allowed and at the time the case was called for trial it filed objections to proceeding therewith on the ground that the issues between the parties had been adjudicated and the judgment appealed from, and that the trial of the second case would involve issues common to both and asked that the trial of the second or declaratory relief case be continued pending final determination. The trial court put the case off the calendar.

■ The petitioner herein seeks the writ of mandate compelling the trial court to hear and determine the action for declaratory relief at once.

The Canning Company argues that the parties and issues are not identical within the requirements for pleas in abatement, but it very clearly appears from the petition that the previous action was between the same parties as in the second case; that there were other defendants, all of whom had been dismissed by the judgment of the court; that the same agreement was involved as interpreted and adjudicated in the first case, now on appeal.

This alone would have been sufficient for the trial court of its own motion to have continued the case (*Brown* v. *Campbell*, 100 Cal. 635, 647 [35 Pac. 433, 38 Am. St. Rep. 314]; *Lincoln* v. *Superior Court*, 95 Cal. App. 35, 41 [271 Pac. 1107]; *Robinson* v. *El Centro Grain Co.*, 135 Cal. App. 567, 573 [24 Pac. (2d) 554]), or otherwise to have exercised its inherent discretion in a matter within its jurisdiction in aid of orderly procedure and prevention of multiplicity of suits. (*Houghton* v. *Superior Court*, 187 Cal. 661, 665 [203 Pac. 765]; *Smith* v. *Jones*, 128 Cal. 14, 15 [60 Pac. 466]; *Pellissier* v. *Title Guarantee etc. Co.*, 207 Cal. 172, 184 [280 Pac. 947].)

The complaint for an adjudication of declaratory rights was not eliminated by putting off the calendar, as counsel argue, but merely postponed pending final determination of an action involving at least some of the issues. It does not appear that the respondent Superior Court abused its discretion, without which the appellate court is not warranted in disturbing its action by the writ of *mandamus*. (*Lynch* v. *Superior Court*, 150 Cal. 123 [88 Pac. 708]; *Lindsay Strathmore Irr. Dist.* v. *Superior Court*, 121 Cal. App. 606 [9 Pac. (2d) 579]; *Lorraine* v. *McComb*, 220 Cal. 753 [32 Pac. (2d) 960].)

The application for a peremptory writ of *mandamus* is denied.

Curtis, J., Preston, J., Shenk, J., and Waste, C. J., concurred.