In the Matter of the Application of METROPOLITAN LIFE INSURANCE COMPANY, Petitioner, for a Stay of Arbitration Demanded by UNITED OFFICE AND PROFESSIONAL WORKERS OF AMERICA, C.I.O., Respondent.

Supreme Court, Special Term, New York County, March 2, 1949.

*Proskauer, Rose, Goetz & Mendelsohn* for petitioner.

*Leonard B. Boudin* and *Belle Seligman* for respondent.

HOFSTADTER, J. This application to stay arbitration under a collective bargaining agreement presents a somewhat unusual phase. The proposed arbitration concerns the termination by the petitioner of the employment of one of its agents. The union asserts that the termination was not justified. The agreement provides for arbitration of such a dispute but limits the scope of the arbitration. The applicable clause is: "In arbitrating such grievance, the arbitrator shall determine only whether or not the facts alleged by the Company, or any other facts presented, justified such action. Should the arbitrator decide that such termination was not justified, the Company shall offer the agent reinstatement. The arbitrator shall have the power to award the payment of back pay in full or in part. If the Agent shall promptly accept such reinstatement, the Company agrees to pay such Agent for the period specified in the Arbitrator's award at a weekly rate equivalent to his average weekly earnings from the Company for the year prior to the termination of his Agreement, or for such period as he may have been employed, if less than a year, less any compensation paid by the Company or any other employer to such Agent while he was not employed by the Company."

The collective agreement also contains a prohibition against strike, demonstration, work stoppage or "any other action the effect of which may be to impede or interfere with the operations of the Company * * * or to incite sympathy or protests concerning the relations between the parties."

In protest against the dismissal of the agent he and others with the sanction of the union picketed, distributed handbills and otherwise demonstrated against the petitioner. The petitioner contends that the foregoing conduct was a breach of the agreement and as a result a waiver by the union of its right to arbitration.

I assume that the picketing and demonstration violated the agreement. If so, it may perhaps seem anomalous that the union which has broken the agreement in protesting against

the dismissal should be permitted to invoke the arbitration procedure of the agreement for settlement of the dispute growing out of that very dismissal. The rule, however, is that as long as the agreement has not been terminated arbitration thereunder may be ordered, even though it is claimed that the applicant for arbitration has committed a breach justifying rescission (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76; *Matter of Kahn* [*National City Bank*], 284 N. Y. 515).

The petitioner insists that because of the restricted nature of the arbitration prescribed in the agreement the foregoing rule is inapplicable to the present situation. It argues that the arbitrator is without power to determine the question of waiver and that the court alone is competent to decide it. Even so, it does not follow that there has been a waiver. The petitioner has not attempted to abrogate the agreement because of the union's breach. Admittedly the parties still are operating under the collective bargaining agreement. I am of the opinion that the union's breach, if such it was, did not forfeit the right to arbitration. There is no claim that the union has persisted in its course. Indeed, by the notice of arbitration the respondent seems to indicate a purpose to retrace its steps and to return to the more orderly method of adjusting grievances established by the agreement. In the circumstances, I do not think that the respondent's conduct was so destructive of the essence of the agreement as irretrievably to take away the right to seek its protection (*Lane* v. *Endicott Johnson Corp.*, 75 N. Y. S. 2d 171, 175–176).

The motion to stay the arbitration is accordingly denied.