[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 260 
Plaintiffs sue to enjoin defendants from conducting their strike against plaintiffs in an unlawful manner. A temporary restraining order based upon oral proof was entered enjoining defendants from specific unlawful acts. The present hearing came on at the return of an order to show cause why those restraints should not be made permanent, and of an order to show cause why defendants should not be restrained and enjoined in accordance with the demands of the complaint.
Defendants urge that this court should not assume nor exercise jurisdiction for the reason that plaintiffs have taken the subject matter of this suit before the National Labor Relations Board by complaint against the defendant Unions. They contend the same relief may be obtained there under the National Labor Relations Act as is proposed in this action and cite Keller v.American Cyanamid Co., 132 N.J. Eq. 210 (1942), as holding under the instant circumstances that "this court lacks jurisdiction of the subject matter" and "that equity will not ordinarily intrude where there is a more practicable and adequate procedure and remedy already furnished by apt legislation." The case is not in point. It involved annulment of a clause of a labor contract between *Page 261 
defendant-employer engaged in interstate commerce and employees, which had been negotiated under supervision of federal agencies. The present suit is for protection of plaintiffs' property and personal rights in nowise dependent upon the labor contract between the parties, and it invokes the court's inherent jurisdiction. Isolantite, Inc., v. United Electrical, etc., ofAmerica, 130 N.J. Eq. 506 (1941); modified, 132 N.J. Eq. 613
(1942). There is also no force to defendants' contention that the complaint lacks equity because adequate relief may be had at law, or before or through the National Labor Relations Board. Damages at law are not equivalent to equitable personal relief. Plaintiffs cannot obtain such equitable relief from said board in any event, nor even from the federal courts except at the suit of said Board.
The testimony clearly and convincingly shows that in the course of their strike defendants have committed unlawful acts against plaintiffs, and that such acts are likely to be continued. Defendants have by physical acts and threats prevented free and uninterrupted right of ingress to and egress from plaintiffs' places of business by persons seeking to do business with and for plaintiffs and by the nonstriking employees of plaintiffs and by their officers and directors. By mass picketing, virtually body to body, defendants have prevented plaintiffs' customers, their nonstriking employees and officers from entering and leaving plaintiffs' places of business; they have indulged in foul and obscene epithets toward said nonstriking employees; have threatened to harm them and their property; have threatened to prevent delivery of fuel to plaintiffs' places of business, have prevented plaintiffs from freely moving their merchandise in the usual course of business in and out of their places of business; and they have threatened to drive plaintiffs out of business and to shut them down. However, it appears that defendants' request that the greater part of the evidence upon damage to plaintiffs' premises and personalty be excluded is well taken because the causation is not, with sufficient certainty, traced to defendants. However, I recall two such acts which were clearly caused by defendants — stoning of a truck blocked from *Page 262 
leaving plaintiffs' premises and the breaking of a plate glass window by a large rock with a rope attached thrown from a group of pickets observed fleeing immediately upon the crash.
This evidence demonstrates clearly that more pickets were employed at the plant and car sales lots than were necessary for the lawful conduct of the strike. The results attest to the fact that the numbers were such as to induce and provoke disorder more than to preserve to defendants the right to enforce their strike by means of lawful picketing. In view of these circumstances and considering the proven characteristics of the places struck I conclude that defendants' picketing, to be consistent with their lawful right to render the strike effective and at the same time not to be provocative of such unlawful events, should be limited to no more than twelve pickets at the main plant, ten at Pennsauken lot and eight at the Collingswood lot, the pickets to maintain intervals in the line of at least ten feet and be permitted to march and picket in the street and on the public way in front of these premises — not on plaintiffs' property.
It also clearly appears that substantial and irreparable injury to plaintiffs' property will follow from such unlawful acts unless an interlocutory restraint or injunction against such conduct is granted. It is apparent that as to each item of relief hereby granted greater injury will be inflicted upon the plaintiffs by the denial thereof than will be inflicted upon the defendants by the granting thereof. Cf. Isolantite, Inc., v.United Electrical, etc., of America, supra.
It is equally obvious that plaintiffs have no adequate remedy at law.
Nor do I find any substance to defendants' contention that plaintiffs have failed to meet the requirements of R.S.
2:29-77.4. The evidence shows that every reasonable effort was made by plaintiffs to settle the labor dispute by resort to available state and federal governmental machinery of mediation or arbitration and further that plaintiffs have not failed to comply with any obligation imposed by law. It appears that the attorney for plaintiffs, in the afternoon of the day preceding this hearing, stated in response to defendants' *Page 263 
attorneys question that plaintiffs would not negotiate a wage raise in face of the wage provision of the existing contract unless the strikers returned to work. Defendants contend that by such statement plaintiffs forfeited their right to injunctive relief because it was tantamount to a refusal to negotiate the labor dispute in question. The evidence also shows that the question of negotiation of the dispute had never arisen until that late date despite the several efforts at conciliation before the labor agencies. But wages do not appear to be a subject of compulsory negotiation. Plaintiffs are not under "any obligation imposed by law which is involved in the labor dispute in question," R.S. 2:29-77.4, to negotiate wage rates inasmuch as the wage rate was established without reservation or qualification by the still existent contract between the plaintiffs and defendants. The case of In the Matter ofMetropolitan Life Insurance Co., Petitioner (United Office Professional Workers of America (CIO)), New York, SupremeCourt, New York County, Special Term, Part 1,86 N.Y.S.2d 718, is not in point.
A judgment for interlocutory injunction may be entered restraining defendants, their servants and agents, from committing any of the aforementioned unlawful acts. The form of judgment may be settled on notice for any motion day.