This is a motion by the defendant to dismiss the complaint filed in this cause upon the following grounds:
(1) The complaint fails to set forth a cause of action.
(2) This court has no jurisdiction in that the sole remedy is arbitration.
(3) An adequate remedy at law exists; to wit, arbitration.
(4) Res adjudicata, in that the Hudson County Circuit Court has heretofore rendered a decision that the matter proceed to arbitration. *Page 329 
In the event of a denial of the foregoing, the defendant moves for a stay of these proceedings until after arbitration, in accordance with R.S. 2:40-14.
The complaint herein seeks rescission of an employer-employee agreement entered into between the parties on December 20, 1946, on the grounds of fraud and duress in the making of the agreement. The complaint also seeks an injunction against the defendant from proceeding with arbitration in accordance with the arbitration provisions of the agreement. The plaintiff's alleged right to the injunction is predicated upon the defendant's action through its members, the plaintiff's employees, in repudiating the contract by violating the "no-strike clause" thereof. The plaintiff contends that such action on the part of the defendant so materially breached the contract that said defendant cannot now rely on the arbitration provisions therein contained and that the plaintiff upon such breach was entitled to and did terminate the agreement.
The issue of fraud and duress in the making of the agreement has already been decided against the plaintiff.
There is no question as to the propriety of the present motion. It is addressed to the jurisdiction of the court. See Rule
3:12-8; McGarvey v. Young, 100 N.J. Eq. 174, 176; affirmed,101 N.J. Eq. 302. At the time that the previous motion was decided by Vice-Chancellor Egan, the issues of fraud and duress in the making of the agreement were undetermined. As stated, these issues have now been decided against the plaintiff.
Prior to the institution of this suit, the defendant herein petitioned the Circuit Court for an order to compel arbitration pursuant to R.S. 2:40-12 et seq. Judge Ackerson considered the application and said:
"Only two issues are involved in such a summary proceeding. These are: (1) the making of a valid agreement to arbitrate; and (2) the failure, neglect or refusal to perform the same. Every other issue, whether of fact or law, and whether raised by denial or by defense, is for the arbitrators." (Citing cases construing statutes in each case similar to our own.) *Page 330 
The petition to compel arbitration was dismissed on the following grounds:
(1) That the making of the agreement for arbitration is not in issue within the meaning of the statute.
(2) That the petitioner (defendant in this suit) failed to produce any competent evidence that the respondent (plaintiff in this suit) has failed to comply with the arbitration provisions of the aforesaid agreement.
In the course of his opinion, Judge Ackerson cited Lipman v.Haouser Shellac Co., 289 N.Y. 76. That case construes the arbitration statute of New York which statute employs language identical with the New Jersey statute. The Lipman case is similar to the case sub judice. In that case the appellant claimed there was a substitution of contracts by agreement and that pursuant to the agreement, the contract dated September 18, 1940, was canceled. On the appeal, the appellant stressed that the issue of cancellation of the contract was one which must be determined by the court before it could compel arbitration. The New York Court of Appeals rejected this contention saying:
"While it must ever be borne in mind that a court has no power to grant a motion to compel arbitration unless the subject-matter is comprised within the agreement to arbitrate made by the parties, yet when once an agreement to arbitrate has been made, such an agreement must be considered in the light of the broad language used in the above arbitration statute. Civil Practice Act, § 1450. (This statute employs language identical with the New Jersey statute.) This language seems to imply that all acts of the parties subsequent to the making of the contract which raise issues of fact or law, lie exclusively within the jurisdiction of the arbitrators. It is to be noted that, contrary to the contention of appellant, the statute only requires the contract to have been made and does not require that it shall continue to be in existence. The language of the agreement to arbitrate of course, must be sufficiently broad so as to permit of the application of the general principle that all issues subsequent to the making of the contract are not for the court but for the arbitrators. Where, however, as here, the language of the provision providing for arbitration uses not only the phrase `any and all controversies arising out of the contract' but also `any and all controversies in connection with the contract,' this language would appear sufficiently broad to express the intention of the parties to include within the exclusive *Page 331 
jurisdiction of the arbitrators as a general rule all acts by the parties giving rise to issues in relation to the contract, except the making thereof."
It was Judge Ackerson's opinion that the arbitration provisions in the agreement under consideration were sufficiently broad to permit the application of the general principle referred to in the foregoing citation. He wrote:
"In the case sub judice the agreement provides that `All grievances or disputes under this agreement' shall be submitted to arbitration, and this language is sufficiently broad to include within the exclusive jurisdiction of the arbitrator all acts of the parties giving rise to issues in relation to the contract, except the making thereof."
I find that I am in accord with the views expressed by Judge Ackerson. The question of performance or breach of the contract in this case goes to the merits and these features the parties have agreed shall be decided by the arbitral tribunal. By virtue of the broad language of their agreement all acts of the parties giving rise to issues in relation to their contract, except the making thereof, are within the exclusive jurisdiction of the arbitrator.
The arbitrator is not limited to award on mere dry legal principles. He may base his award according to principles of equity and good conscience and, therefore, may grant the relief sought by the plaintiff herein. See Hoboken Mfrs. R.R. Co. v.Hoboken R.R., etc., Co., 132 N.J. Eq. 111, 119; affirmed,133 N.J. Eq. 270.
The proceedings herein will be stayed in order that a judgment may be entered in pursuance of the arbitrator's award. See R.S.
2:40-14. *Page 332