7 Cal.Rptr. 844]

[Civ. No. 24871. Second Dist., Div. Two. Sept. 27, 1960.]

EHRHART AND ASSOCIATES, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; VALLEY NITROGEN PRODUCERS, INC. (a Corporation), Real Party in Interest.

(1)

Walker, Wright, Tyler & Ward and W. A. Caldecott for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Kelso, Schnacke, Lerer, Cotton & Holmes for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioner seeks mandate to compel the respondent Superior Court in and for the County of Los Angeles to vacate its order staying proceedings relating to petitioner's application and petition for the appointment of an arbitrator and for an order directing arbitration, and to require the respondent court to proceed to appoint an arbitrator, or with a summary trial on the issue of whether or not the contract between petitioner and the real party in interest herein has been rescinded. Demurrer and return to such petition by respondent court and answer and return thereto by Valley Nitrogen Producers, Inc., a corporation, the real party in interest, have been filed.

The said order of the respondent court stayed proceedings relating to petitioner's application and petition for appointment of an arbitrator and for order directing arbitration filed in the respondent court pursuant to sections 1282-1283 of the Code of Civil Procedure during the pendency of an action for rescission of a contract between petitioner and the real party in interest, Valley Nitrogen Producers, Inc., or until further order of the respondent court.

The basic questions presented are whether the respondent court refused to perform a positive, statutory act or duty which it was under obligation to perform, and whether it was guilty of an abuse of discretion in so staying and continuing such arbitration proceedings.

Petitioner and Valley Nitrogen Producers, Inc. (hereinafter called ''Valley'') originally entered into a contract whereby

---

*Assigned by Chairman of Judicial Council.

petitioners contracted to build an ammonium sulphate plant in Fresno County for Valley.[1]

Subsequently, in February 1960, a dispute having arisen between the parties over the alleged failure of Valley to make progress payments called for under the contract and to pay certain other invoices, petitioner elected to submit the matter to arbitration and appointed one of three arbitrators as provided for in the contract.

The contract contained an arbitration clause which provided in essence that controversies should be submitted to arbitration upon written request of either party; that within five days after such request, each party should appoint one arbitrator; that the two arbitrators should appoint a third arbitrator and that the three should proceed to determine the dispute, make awards, and assess the costs and expenses of arbitration.

Valley also appointed an arbitrator but the two arbitrators thereafter failed to agree upon the appointment of a third arbitrator. No third arbitrator was or has been named.

On May 31, 1960, and before the filing of petitioner's application and petition for appointment of arbitrator and for order directing arbitration, Valley gave oral and written notice to petitioner that it was rescinding the contract on account of alleged material breach thereof by petitioner.

Thereafter, on June 3, 1960, petitioner filed in the respondent court its aforementioned petition for appointment of an arbitrator and for an order directing arbitration and, on June 6, 1960, filed and served on Valley notice of motion for order appointing arbitrator and directing that arbitration proceed.

In its said petition and motion, petitioner in addition to alleging the aforementioned making of the contract, the dispute and controversy, its election to submit the matter to arbitration, the appointment of the two arbitrators and the failure of the two arbitrators to name a third arbitrator, further alleged that the naming of the third arbitrator and the arbitration had been prevented by acts of Valley. Petitioner also alleged that, in addition to the dispute over Valley's alleged failure to make the stipulated progress payments under the contract, dispute and controversy had arisen as to various other matters including controversy as to whether or not Valley was entitled to rescind the contract.

Valley answered said petition and filed affidavits in opposi-

---

[1]Petitioner and Valley are both California corporations having principal places of business respectively in Los Angeles and Fresno Counties.

tion to petitioner's said motion. Its countershowing so made included denial that it had prevented arbitration as to dispute over the alleged failure to make the progress payments and contained averments that no dispute existed at the time the arbitration was requested except as to alleged failure to make progress payments; that the contract was to be performed in Fresno County; that all of its records are in Fresno County and the principal witnesses reside in Fresno County.

In addition, Valley affirmatively declared that it had rescinded the contract on May 31, 1960, and had filed complaint for rescission in the Superior Court of Fresno County of June 8, 1960; *i.e.*, within five days after petitioner had filed its said application in the respondent Superior Court of Los Angeles County and within two days after petitioner had filed its aforementioned motion in the respondent court. Valley asserted that the key issue as to whether the contract had been rescinded was involved and could only be determined in the plenary suit pending in Fresno County.

The respondent court, after considering the conflicting issues of fact raised by the verified pleadings and the respective affidavits of the parties, stayed proceedings relating to the petition for arbitration during the pendency of the rescission action so filed in Fresno County, or until its further order. In its said stay order, the respondent court specifically stated that it was not basing its determination on convenience of the parties or upon ruling as to the county in which the arbitration matter should ultimately be tried.

 We have reached the conclusion, for the reasons hereinafter stated, that the respondent court had a discretionary power to stay or continue the arbitration proceedings so filed in Los Angeles County during the pendency of the rescission action filed in Fresno County, or until its further order; and that no abuse of discretion has been shown or appears herein.

It will be noted that we are here confronted with a question relating to the trial court's broad power to grant a continuance or stay of proceedings, rather than with the narrow question of whether a prior action can be abated by a subsequent action. No abatement is involved but only power to grant continuance or stay. (*Smith* v. *Smith,* 134 Cal. 117, 119, 120 [66 P. 81] ; 12 Cal.Jur.2d, 134, 135; 2 Witkin, California Procedure, 1751; see also generally, *California C. Mach. Co.* v. *Superior Court,* 3 Cal.2d 606, 609 [44 P.2d 1046].)

The factual situation here presented is not equivalent to

that before the court in *Scott* v. *Industrial Acc. Com.*, 46 Cal. 2d 76 [293 P.2d 18], wherein two separate tribunals each had concurrent jurisdiction over the same parties and subject matter, and each such tribunal was seeking to assert its jurisdiction, thus presenting the possibility of conflicting judgments, the court holding that the tribunal in which jurisdiction first attached is entitled to retain it. In granting prohibition in that case the court additionally pointed out, however (p. 90), that such a writ is addressed to the jurisdiction of the court whereas the granting of a stay of proceedings in such a case is not a matter of jurisdiction but calls for exercise of judicial discretion which would not affect the jurisdiction, as such, of either court.

In our instant case the court, in considering the conflicting evidence before it, was entitled to exercise its discretion to grant a continuance or stay of the arbitration proceedings pending determination of controlling issues in another action even though such other action was commenced subsequently. Authorities relied upon by petitioner fail to support its position to the contrary. *Kalmus* v. *Kalmus,* 103 Cal.App.2d 405, 414, 415 [230 P.2d 57] and *Perkins* v. *Benquet Consol. Min. Co.,* 55 Cal.App.2d 720, 763, 764 [132 P.2d 70], only establish that an order denying continuances requested in part because a subsequent action involving like issues had been filed, will not be disturbed. They do not hold, and they are not authority for holding, that an order granting a continuance under such circumstances and for such reason, can or should be set aside by a reviewing court and mandate issued to compel the lower court to proceed.

We recognize that sections 1282-1283 of the Code of Civil Procedure afford a summary remedy and procedure. However, this consideration need not operate to divest a trial court of its inherent power to grant continuances or stays under proper circumstances.

The trial court herein was confronted with the problem that issue existed as to whether or not the contract could be and had been rescinded. It was doubtful whether anything could be validly or effectively accomplished by appointing an arbitrator and directing arbitration, since the equitable issue of rescission had been raised. As pointed out in *Drake* v. *Stein,* 116 Cal.App.2d 779 [254 P.2d 613], upon the issue of rescission being raised, it became the duty of the court to make a judicial finding on that issue. (P. 784.) ▉▉▉ "In any proceeding for the enforcement of a contract for an arbitration of

a dispute arising under it, a claim that the contract is invalid or that it has been rescinded places the controversy on the conscience of the court which must then determine the equitable issues raised by the defendant.'' (See also *Wetsel* v. *Garibaldi*, 159 Cal.App.2d 4, 9, 10 [323 P.2d 524].)

In support of petitioner's contention that respondent court is required to forthwith proceed with the arbitration proceedings our attention is directed to a trend of decisions reflected by the note in 3 American Law Reports 2d 425: ''A group of more recent cases, mainly decided by the New York courts, have developed a principle that a party claiming to rescind a contract, including an arbitration clause therein contained, because of a breach or asserted breach of the contract by the other party or for similar cause arising out of acts of the parties themselves, cannot, by setting up such claim for rescission or to rescind at the time when his opponent seeks to compel arbitration in accordance with such clause, eliminate it or obviate its effect.''

In our instant case the discretionary action of the trial court in ordering a stay of the arbitration proceedings pending determination of the rescission action did not result in abating, eliminating or obviating the effect of such proceedings but only in postponing them pending determination of the more inclusive equitable action.

The ammonium sulphate plant, the building of which is the subject matter of the contract in question, is located in Fresno County; the issues presented by the rescission action are more inclusive in scope than are those in the arbitration proceedings; an arbitration of progress payments only may well become moot by adjudication of the rescission and other issues and a multiplicity of suits may unnecessarily result by compelling the Los Angeles County proceedings to go forward either in advance of or simultaneously with the Fresno County action. Under such circumstances a stay of the arbitration proceedings is not a matter of right but is within the sound discretion of the court. As pointed out in *Farmland Irrigation Co.* v. *Dopplmaier*, 48 Cal.2d 208, 215 [308 P.2d 732]: ''In exercising its discretion the court should consider the importance of discouraging multiple litigation designed solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to

which the proceedings in the other court have already advanced.''

In view of the evidence before it the trial court was faced with the problem of whether to proceed to determine a portion of the issues in summary proceedings under Code of Civil Procedure, section 1282, or to stay the Los Angeles County proceeding until the more inclusive issues were determined in the plenary action pending in Fresno County.

It is our conclusion that, in taking the latter course, the court exercised a proper and legal discretion.

The alternative writ heretofore issued in this proceeding is accordingly discharged, the demurrer is sustained and petition for peremptory writ of mandate is denied.

Fox, P. J., concurred.

ASHBURN, J., Dissenting.—I regret my inability to concur in the instant opinion of the majority.

Petitioner contracted to build for Valley Nitrogen Producers, Inc. (real party in interest) an ammonium sulphate plant in Fresno County. The contract contained an arbitration clause and, disputes having arisen, each party named an arbitrator. Upon the failure of these arbitrators to name a third, as provided in the contract, petitioner filed proceedings in Los Angeles County pursuant to sections 1282 and 1283, Code of Civil Procedure, to have an arbitrator appointed and to order arbitration to proceed.

The petition therein alleges that ''the said arbitrators have been unable to appoint such third arbitrator, and arbitration has been prevented by the acts of respondent.'' Petitioner prays that an order be made ''designating and appointing an arbitrator to arbitrate the aforesaid controversy . . . and directing that such arbitration proceed in the manner provided in said written contract.'' It thus appears that petitioner was invoking his remedy under both sections 1282 and 1283.

Respondents admit the making of the written contract, the existence of the arbitration provisions therein as alleged, and the fact that a controversy exists. They admit receiving petitioner's letter of February 19, 1960, stating: ''Because of your failure to make the progress payments provided for under the contract between us dated May 12, 1959, *and your failure to pay the other invoices which we have submitted to you,* we do hereby elect to refer the matter to an arbitration

board under the provisions of paragraph 15.0 of the contract.'' (Emphasis added.)

The defense is that on May 31, 1960 (three days before the filing of the arbitration proceeding) defendant attempted a unilateral rescission of the contract ''upon the ground of the material breach thereof by petitioner''; and that on June 8, 1960, it filed in Fresno County its complaint for rescission. That complaint alleges, as the basis of the rescission, that ''Defendant has materially breached said contract and substantially failed to perform its obligations thereunder within the allotted time and approximately eight and one-half months beyond the completion date allowed by plaintiff at the instance and request of defendant for the completion of defendant's performance under said contract. The said ammonium sulphate process unit is not yet completed and is incapable of sustained operation and of performing in accordance with the requirements of said contract to produce ammonium sulphate in the form and quantity required by the terms of said contract.'' Respondents ask herein that the petition be denied, or that this proceeding be stayed pending the outcome of the action.

The trial court ordered a stay of the arbitration proceeding during the pendency of the Fresno action or until further order of court. Whereupon this mandate proceeding was instituted.

Paragraph 4.0 of the contract sets forth the method of making progress payments, with the provision that ''if the parties shall fail to reach such agreement on or before the 10th day of any month, Valley shall, before the 15th day of such month, pay to Contractor the amount due according to Valley's contention, and the disagreement shall be resolved by arbitration as provided in Paragraph 15.0.'' This section provides: ''Any controversy *pertaining to* this contract *or performance thereunder,* which the parties are unable to settle by agreement, shall be submitted to arbitration upon the written request of either party. Within five (5) days after such request each party shall appoint one arbitrator, the two arbitrators shall appoint a third arbitrator, and the three shall proceed to determine the dispute . . . .'' (Emphasis added.)

Under the broad terms of this arbitration clause, the matters raised by respondent are arbitrable issues. *Fischer* v. *Superior Court,* 105 Cal.App. 466, 469 [287 P. 556]: ''In *Young* v. *Crescent Development Co.,* 240 N.Y. 244 [148 N.E. 510], the arbitration clause provided for the submission

of 'all questions that may arise under this contract and in the performance of the work thereunder.' The court said: 'We know by common experience the class of questions to which this language naturally applies. It applies as stated to questions arising under and in the performance of a contract and such questions are those which involve an interpretation of its provisions for the purpose of determining whether work has been done according to the contract, whether work which has been demanded under the contract is really covered by its provisions or constitutes extra work, when payments become due, and so on." *The Batter Building Materials Company* v. *Kirschner,* 142 Conn. 1 [110 A.2d 464 at 469], quotes from an English case, *Woolf* v. *Collis Removal Service* (1948), 1 K.B. 11, 16: ". . . in a situation where the parties are at one in asserting that they entered into a binding contract, but a difference has arisen between them whether there has been a breach by one side or the other, or whether circumstances have arisen which have discharged one or both parties from further performance, such differences should be regarded as differences which have arisen 'in respect of,' or 'with regard to,' or 'under' the contract, and an arbitration clause which uses these, or similar, expressions, should be construed accordingly." See also *Lipman* v. *Haeuser Shellac Co.,* 289 N.Y. 76 [43 N.E.2d 817, 819, 124 A.L.R. 1088], *infra.*

If a party to an arbitration agreement fails, neglects or refuses to proceed with arbitration, the other party may proceed under section 1282, which provides that "The court *shall* hear the parties"; if the *making* of the contract, or the default of the other party to proceed with arbitration be in issue, the court *shall* order a summary trial upon these issues; if no *such issue* is presented, the court "*shall* make an order directing the parties to proceed to arbitration. . . ." If for *any reason* there shall be a lapse in the naming of an arbitrator or arbitrators as provided in the contract, the court "*shall* designate and appoint an arbitrator or arbitrators . . . who shall act under the said agreement. . . ." (§ 1283.) (Emphasis added.)

It therefore appears that more is involved here than the mere question of the discretionary power of a court to continue a matter. The trial court has in effect *refused* to act *until* the Fresno matter is concluded. Our statutes impose upon the court a duty to act upon a proper showing. If there is a contract between the parties, if it contains a valid arbitration clause (such provision being irrevocable, § 1280),

if a controversy exists as to an arbitrable issue, and respondent is in default in proceeding to arbitration, the petitioner is entitled as a matter of right to the remedy of arbitration.

The modern rule is that a petitioner's right to arbitrate is not lost even though he has, or allegedly has, breached the contract. (3 A.L.R.2d 395, 424.) This Annotation states, page 425: "A group of more recent cases, mainly decided by the New York courts, have developed a principle that a party claiming to rescind a contract, including an arbitration clause therein contained, because of a breach or asserted breach of the contract by the other party or for similar cause arising out of acts of the parties themselves, cannot, by setting up such claim for rescission or to rescind at the time when his opponent seeks to compel arbitration in accordance with such clause, eliminate it or obviate its effect."

Code of Civil Procedure, section 1284: "If any suit or proceeding be brought upon any issue arising out of an agreement providing for the arbitration thereof, the court in which such suit or proceeding is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration, shall stay the action until an arbitration has been had in accordance with the terms of the agreement; provided, that the applicant for the stay is not in default in proceeding with such arbitration." Generally, all matters are before the same court. And it is clear that had defendant's rescission action been brought in Los Angeles, petitioner would be entitled to a stay of those proceedings, since all issues raised are included in matters which the parties agreed to arbitrate. The matter could have been raised by petitioner by means of a demurrer (*Tas-T-Nut Co.* v. *Continental Nut Co.*, 125 Cal. App.2d 351, 354 [270 P.2d 43]); by a motion for stay, petitioning at the same time that the court direct arbitration (see *Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 117 [199 P.2d 668]; *Snyder* v. *Superior Court*, 24 Cal.App.2d 263, 265 [74 P.2d 782]), or he might raise the issue in his answer (*Kaliterna* v. *Wright*, 94 Cal.App.2d 926 [212 P.2d 32]). See also *San Joaquin etc. Assn.* v. *Herschel etc. Co.*, 130 Cal.App.2d 119 [278 P.2d 448].

The court states in the Tas-T-Nut case, *supra*, page 358: "Where parties have agreed to arbitrate their differences it is the clear intent of the California arbitration statute that courts should enforce the performance of that agreement and when, notwithstanding the agreement, suit has been filed, the

statute specially enjoins the court, if the defendant seeks to claim the right to arbitrate, to stay the court action until arbitration has been accomplished, affording in the meantime ample remedies to either party to compel the performance of the mutual obligation of the parties.''

Has respondent any greater rights because its action was filed in Fresno County? I think not. We do not know whether petitioner has properly asserted his right to arbitration in the Fresno action, but that seems to be beside the point so far as the present proceeding is concerned—the point being that the defense asserted herein, being an arbitrable issue, is not one to be decided by *any* court.

In *Lipman* v. *Haeuser Shellac Co., supra,* 289 N.Y. 76 [43 N.E.2d 817, 124 A.L.R. 1088], the defendant contended that the issue of the cancellation of the contract was one which must be determined by the court before it could compel arbitration. The court states, pages 818-819 : ''A different question would be here if the issue was whether the contract never came into existence and hence was void, or if, although the contract was made, there arose an issue of fraud, duress or other impediment which rendered the contract voidable, or if there were any conditions precedent. But since appellant in the case at bar admits the making of the contract of September 18, 1940, and its failure to proceed to arbitration in accordance with that portion of the contract which provides therefor, sufficient has been shown to make applicable that part of section 1450 of the Civil Practice Act which reads as follows : 'Upon being satisfied that there is no substantial issue as to the making of the contract . . . or the failure to comply therewith, the court . . . hearing such application, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract. . . .'

''While it must ever be borne in mind that a court has no power to grant a motion to compel arbitration unless the subject-matter is comprised within the agreement to arbitrate made by the parties, yet when once an agreement to arbitrate has been made, such an agreement must be considered in the light of the broad language used in the above arbitration statute. . . . This language seems to imply that all acts of the parties subsequent to the making of the contract which raise issues of fact or law, lie exclusively within the jurisdiction of the arbitrators. It is to be noted that, contrary to the contention of appellant, the statute only requires the contract to have been made and does not require that it shall continue to be in

existence. The language of the agreement to arbitrate of course, must be sufficiently broad so as to permit of the application of the general principle that all issues subsequent to the making of the contract are not for the court but for the arbitrators. Where, however, as here, the language of the provision providing for arbitration uses not only the phrase 'any and all controversies arising out of the contract' but also 'any and all controversies in connection with the contract,' this language would appear sufficiently broad to express the intention of the parties to include within the exclusive jurisdiction of the arbitrators as a general rule all acts by the parties giving rise to issues in relation to the contract, except the making thereof.

"So, in *Matter of Kahn*, 284 N.Y. 515, 523 [32 N.E.2d 534, 537], where the agreement for arbitration was much narrower than in the case at bar and the question presented was 'whether the court before it may compel arbitration, must in this case pass upon an issue of whether the depositor has breached the agreement of settlement,' we held that before compelling arbitration it was not necessary for the court to determine that the contract was either performed by one party or breached by the other. The question of performance goes to the merits, and that, the parties have consented to have decided by the arbitral tribunal. [Citation.] The issue arising from the defense of cancellation, therefore, must be submitted for decision to the arbitrators."

*Hudson Wholesale Grocery Co.* v. *Allied Trades Council of A.F.L.*, 3 N.J. Super. 327 [65 A.2d 557] (also involving a statute similar to ours) agrees with the Lipman case, *supra*. The court states, page 559: "The question of performance or breach of the contract in this case goes to the merits and these features the parties have agreed shall be decided by the arbitral tribunal. By virtue of the broad language of their agreement all acts of the parties giving rise to issues in relation to their contract, except the making thereof, are within the exclusive jurisdiction of the arbitrator."

*Samuel Kaplan & Sons, Inc.* v. *Fascinator Blouse Co., Inc.*, 70 N.Y.S.2d 8. Petitioner moved for an order directing that controversies proceed to arbitration. In opposition it was urged, among other things, that the agreement was rescinded. The court states, page 9: "The contention that the claimed rescission must be determined before arbitration may proceed is not tenable. The issue of an alleged concellation of the agreement is one which must be decided upon the arbitration. [Citations.]"

*Davis Stewart Commercial Corp.* v. *Strathcona Co.,* 81 N.Y.S.2d 729, involved a similar petition for arbitration. Respondent moved to stay the proceedings. The court states, page 730: "Respondent's cross motion to stay arbitration is without merit. Whether either party has or has not complied with the terms of the agreement is for the arbitrators to decide.

"Where an admittedly valid agreement provides for arbitration of any controversy arising under or in relation to the agreement and a genuine dispute arises over the non-performance of the agreement the Court *must compel arbitration and may not stay arbitration.* [Citations.]" (Emphasis added.)

*Brown-Turner, Inc.* v. *Complete Mach. & Equip. Co.,* 158 N.Y.S.2d 959, 961. One party sued at law; the other sued to compel arbitration. Each made a motion to stay the other's action. A broad arbitration clause covered "a dispute or claim concerning either the performance, breach, interpretation, construction under any of the terms or provisions of this agreement. . . ." The court holds: "This arbitration clause is quite broad and all-inclusive. . . . In the circumstances, the claims and counterclaims—as to performance and breach, the settlement of accounts, and directives and amounts—must be submitted to the agreed-upon arbitration. 'An agreement to arbitrate may be enforced even by the party violating the agreement. [Citations.]'" Accordingly, the court granted the petition to compel arbitration and to stay proceedings in the court action.

To same effect, *Arbitration of S. H. Kress & Co.,* 54 N.Y.S. 2d 552. See also *Application of Metropolitan Life Ins. Co.,* 194 Misc. 511 [86 N.Y.S.2d 718, 719].

The instant case is clearly distinguishable from those in which one of the parties has terminated the agreement pursuant to its terms, or there is a condition precedent, or it is clear that "the frustration of the purpose of the contract left nothing to arbitrate under it." (*Johnson* v. *Atkins,* 53 Cal. App.2d 430 [127 P.2d 1027]; *Hanes* v. *Coffee,* 212 Cal. 777 [300 P. 963]; *Friedlander* v. *Stanley Productions, Inc.,* 24 Cal.App.2d 677 [76 P.2d 145]; *Abraham Lehr, Inc.* v. *Cortez,* 57 Cal.App.2d 973 [135 P.2d 684].)

*Drake* v. *Stein,* 116 Cal.App.2d 779 [254 P.2d 613], seems to me not opposed to the views hereinbefore expressed, although some of its broad language may seem so. In that case each of the parties to the dispute had named an arbitrator,

then appellant Stein withdrew the name of his appointee and, although the arbitration clause of the contract required agreement upon one arbitrator or the appointment of three, respondent's appointee Heller proceeded to act as sole arbiter and rendered a purported award. The court confirmed it and Stein appealed from the judgment so rendered. One of appellant's contentions below was that the contract "had been cancelled or revoked by [the Steins] upon equitable or legal grounds" and hence there was no agreement requiring arbitration. This attempted cancellation occurred prior to respondent's demand for arbitration. In this connection the court said, at page 784: "Upon that question's being raised, it was the duty of the court to make a judicial finding on the issue. It cannot be determined from the clerk's transcript that no grounds existed for a rescission of the contract. In any proceeding for the enforcement of a contract for an arbitration of a dispute arising under it, a claim that the contract is invalid or that it has been rescinded places the controversy on the conscience of the court which must then determine the equitable issues raised by the defendant. It is only after a finding has been made that under a written contract of arbitration a party is in default in the performance thereof, that the court will order the parties to the contract to proceed in accordance therewith." This language does not say or mean that an attempted rescission (especially after demand made for arbitration) removes the controversy to the equity side of the court (or to a court of another county) for disposition through a plenary action. On the contrary it implies that the determination should be made in the arbitration proceeding. It is immediately followed by this: "*Repudiation by one of the parties does not enable the other to proceed without leave of the court. (Pneucrete Corp.* v. *United States Fid. & Guar. Co.,* 7 Cal.App.2d 733, 741 [46 P.2d 1000].) From the foregoing it is apparent that the court below invaded the rights of appellants by its approval of the arbiter's award before it had first determined under section 1282, *supra,* that a valid, enforceable contract did exist." (P. 784.) (Emphasis added.) The cited Pneucrete case, at page 740, points to this important principle: "The laws with reference to arbitration were passed primarily for the purpose of expediting and facilitating the settlement of disputes and to overcome delays caused by litigation. They are not enacted to provide a means of creating delay (*Jardine-Matheson Co., Ltd.* v. *Pacific Orient Co.,* 100 Cal.App. 572 [280 P. 697]; *Zimmerman* v. *Cohen,* 236 N.Y.

15 [139 N.E. 764]; *Bullard* v. *Morgan H. Grace Co.*, 240 N.Y. 388 [148 N.E. 559])."

The implication of the Drake case above mentioned finds support in *Wetsel* v. *Garibaldi*, 159 Cal.App.2d 4 [323 P.2d 524]. In that instance Wetsel and Garibaldi pursuant to the arbitration clause of their agreement appointed arbitrators, then Garibaldi attempted to withdraw from the arbitration upon the ground, among others, that he had rescinded the basic agreement because of breaches of same by Wetsel. Wetsel petitioned the court for an order compelling arbitration, the application was granted, the arbitrators made an award and the court confirmed, whereupon an appeal was taken. Appellant Garibaldi contended *inter alia* that "there existed no right of arbitration at all because, acting under paragraph 31 of the principal contract and by reason of substantial breaches of the contract by Wetsel, Garibaldi had elected to terminate, and had terminated, the entire contract, with the result that there no longer existed an agreement to arbitrate." (P. 7.) At page 8, the court in affirming the judgment said: "The parties therefore in the proceedings under section 1282 of the Code of Civil Procedure submitted to the court initially the question of the existence of an agreement to arbitrate, concededly having once been made but challenged as to continuing validity by Garibaldi's contention that the contract had for breach been terminated by their unilateral action. . . . Although the trial court made no specific finding as to whether the contract had been terminated for cause, as contended by Garibaldi, or remained in all its parts in full force and effect, as contended by Wetsel, it impliedly decided that issue in favor of Wetsel since otherwise it would not have ordered arbitration." At page 10: "In the absence of a record disclosing the oral proceedings before the trial court upon the issue of unilateral termination, we find that the record before us would not warrant us in holding that, as a matter of law, the arbitration order was erroneous. We must assume the court, on proper facts, decided there had been no unilateral termination. This being so, then the arbitration clause was sufficiently broad to make arbitrable every other controversy arbitrated."

It, therefore, appears that the trial court, without legal reason, granted the stay in the within proceeding. Cases standing for the general rule re continuance or abatement "in aid of orderly procedure and prevention of multiplicity of suits" (*California C. Mach. Co.* v. *Superior Court*, 3 Cal.2d 606 [44 P.2d 1046]) are inapplicable, for, as stated in *Glesby* v. *Bal-*

*four, Guthrie & Co., Ltd.*, 63 Cal.App.2d 414, 417 [147 P.2d 60] : ''Proceedings in arbitration are of a summary character and not subject to dilatory tactics.''

The court, under these circumstances, has a duty, as prescribed in sections 1282 and 1283, Code of Civil Procedure, to act upon petitioner's application, there being no legal reason for delay; and in view of the admitted facts and matters in the record before us, it could act in only one way, *i.e.*, to appoint a third arbitrator and to make an order directing the parties to proceed to arbitration as provided in their agreement.

''A writ of mandate may be issued to require an inferior tribunal to perform a clear legal duty which the law specially enjoins when not to do so would amount to an abuse of discretion. The writ has been employed to require a superior court to try a cause. . . .'' (*Lindsay Strathmore Irr. Dist.* v. *Superior Court*, 121 Cal.App. 606, 610 [9 P.2d 579].)

In my judgment the writ should be granted as prayed.