GEORGE PIERSON, T. H. ROLFE, J. J. RUTH, and A. D. CHEVER, Appellants, v. ISAAC NORMAN, Respondent.

Where the object of the submission is to make an end of litigation, and the award is uncertain and incomplete upon its face, it defeats the object of the submission, and must be set aside.

APPEAL from the Eighth Judicial District for the County of Sutter.

An agreement made between the plaintiffs and defendant, accompanies the record in this case, by which Norman agrees to build a frame of certain dimensions, in the manner described, with certain appendages, for a ball and nine-pin alley; Rolfe and Pierson to furnish the lumber, &c., and to pay Norman $2250, "as follows: sums of money, provisions from time to time, to pay hands with; and when completed, to give said Norman his equal share in the alley, if he wants it; and pay the balance from the first proceeds of the house, or within ninety days; said Norman is to complete the said frame and alley in twenty days, unless bad weather should prevent;" dated 25th of February, 1850, and signed and sealed by the parties. After signing the agreement, it was agreed that Norman should build the frame of certain increased dimensions specified, for the additional sum of $200, "making in all, the full sum of $2450." This paper is marked, "filed October 11th, 1852. J. B. Reardon, clerk."

The next paper in order on the record, is an agreement between the same parties, "that the matter between them, in regard to a certain nine-pin alley, shall be settled by arbitration." And each party, for himself, agrees "to submit to the award of such arbitrators as may be selected to settle and dispose

of the business, and their award shall stand as the final settlement of the case, and that either party may have the award carried into the District Court, and judgment may be rendered on the same by said Court, without further trial or hearing." Marked filed, Nov. 11th, 1850.

The next paper in order, is as follows:

"Isaac Norman,
v.
Rolfe, Pearson & Co. }

"We, the undersigned arbiters, to whom a certain matter in controversy between the aforesaid parties, was referred, as set forth in the written agreement between the parties, whether or not said Norman is a part-owner and proprietor of a certain ball-alley, as per agreement in writing, having heard the testimony and admissions of both parties, make the following award, viz.: That said Norman is not any part-owner or proprietor of said alley; and that said Rolfe, Pierson and others, pay said Norman for said building, agreeable to contract in writing." 5th of October, 1850.

(Signed)    G. M. HOUTON,
JAMES QUEEN,
WM. F. NELSON.

Filed, Oct. 11th, 1850.

On this award judgment was rendered October 11th, 1850, against defendants, and in favour of plaintiff, for $2550,05, damages and costs, by him laid out and expended in this behalf.
(Signed)    W. R. TURNER, Dis. Judge.

The defendant moved the Court to set aside the above judgment, and that the same be expunged from the record. 1st. Because the judgment was entered upon an award made by persons who were not parties to any action or suit in this Court. 2nd. Because there was no suit commenced in this Court, and no complaint or answer served or filed in the same, and this Court have therefore no jurisdiction. 3rd. Defendants were never in Court by themselves or counsel, and had no notice of the in-

tended application for judgment upon the award. The report does not warrant the entry of such judgment.

The motion to set aside, was overruled by the Court.

*Field,* for appellants.

The award is void for uncertainty; it directs payment "*agreeable to contract in writing.*" The amount to be paid agreeable to contract, could only be ascertained by a jury; from the $2450, for which the building was to be erected, there was to be deducted by the contract, " the moneys and provisions" furnished for the hands, &c. The contract requires payment of the balance only; 2 Halst. 90; 3 Har. & J. 383; U. S. Dig., cases cited, 213; secs. 346, 348, 352.

The award does not conform to the submission, and is void; the arbiters were to inquire "*whether* or not *Norman was part-owner and proprietor of the said alley,*" the only question submitted.

*Hager,* for respondent.

There is no pretence that the award was made through partiality, fraud or mistake. It is sufficiently certain. The contract was before the arbitrators and the Court. And the award that defendants should pay according to the contract, reduced the amount to a mere matter of calculation. If provisions or money had been paid, defendants might have shown it. Every thing must be intended in favour of an award. Watson on Arb. 209 ; U. S. Dig. 213, secs. 357 and 8, 360, 61, 64, and 394; 2 Wend. 156; 1 McMullan S. Cas. 302. If ambiguous, may be explained by parol; 1 Hill. 489.

HEYDENFELDT, Justice, delivered the opinion of the Court, with which MURRAY, Chief Justice, and ANDERSON, Justice, concurred.

An award, to be effectual, must be certain and conclusive, and all intendments must be in favour of giving it certainty. The Court must lean to such construction as will support it; and the uncertainty, if any, must expressly appear upon its face.

In the case before us the auditors award, " that said Norman is not any part-owner or proprietor of said alley ; and that said

Rolfe, Pierson, et al., pay said Norman for said building, agreeable to contract in writing."

The submission left the whole subject-matter in dispute to the arbitrators, and expressly stipulating that their award shall stand as the final settlement of the case."

It is evident, from merely reading the award, that it is uncertain and incomplete, and defeats the object of the submission, which is to make an end of litigation. It has not certainty, to a common intent. It is true there is a contract attached to the exemplification, and marked filed, by the clerk below. This, however, has no verity, and is no part of the record. It is not described in the award, and we cannot know that it is the one referred to. But even if it was a part of the award, the latter would not be aided; for, with both together, the rights of the parties are unascertained.

The judgment is reversed, with costs.