In the Matter of the Application of ALBERT J. PFEIFFER, INC., Respondent, for an Order Directing that Arbitration Proceed between ALBERT J. PFEIFFER, INC., and LARGMAN, GRAY COMPANY, Appellant.

First Department, December 2, 1927.

Arbitration — award — contract for sale of silk provided for arbitration and for substitution of new silk for quantity originally tendered — award simply directed seller to deliver stated quantity of silk "in accordance with the quality called for by the contracts" and directed purchaser to pay price — award is too indefinite to be sustained.

The petitioner contracted to sell raw silk to the appellant. Part of the silk tendered was rejected. The parties entered into an arbitration agreement under the rules of the Silk Association of America, which provide that the seller may substitute new silk for the quantity originally tendered. After an examination of the silk by the arbitrators an award was made which directed the petitioner to deliver the quantity of silk contracted to be sold "in accordance with the quality called for by the contracts," and directed the appellant to pay the purchase price. Silk was tendered thereafter and rejected as not being in accordance with the contract. It was error for the court to confirm the award and order a judgment against the appellant, for the award was too vague and indefinite. The award should have directed the delivery of particular silk that would conform to the contract and should have determined whether the silk tendered was in accordance with the contract.

APPEAL by Largman, Gray Company from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of March, 1927; also from an order

entered in said clerk's office on the 10th day of February, 1927, and also from a judgment entered in said clerk's office on the 11th day of February, 1927.

*Walter H. Griffin* of counsel [*Putney, Twombly & Putney,* attorneys], for the appellant.

*Emerson F. Davis* of counsel [*Daniel S. Murphy* with him on the brief; *Greene & Hurd,* attorneys], for the respondent.

PROSKAUER, J.    The parties entered into a contract, by which Albert J. Pfeiffer, Inc., contracted to sell to Largman, Gray Company certain raw silk.    A part of the silk tendered in performance of this contract was rejected as defective.    After its rejection some of it was sold by Albert J. Pfeiffer, Inc., to third parties. The parties hereto entered into an arbitration agreement under the rules of The Silk Association of America.    Under those rules the seller, as both parties agree, had the right to substitute new silk for the quantity originally tendered.    This silk was examined by the arbitrators who made an award as follows:

" 1. That the Yellow China Hosiery Tram is of the quality called for by said contracts.

" 2. That Albert J. Pfeiffer, Inc., is to deliver and Largman, Gray Company is to accept 9052.70 pounds in accordance with the quality called for by the contracts.

" 3. That Largman, Gray Company is to pay Albert J. Pfeiffer, Inc., $87,344.49 net within thirty days from date of shipment of the 9052.70 pounds."

Albert J. Pfeiffer, Inc., then tendered silk to Largman, Gray Company which the latter insisted was not in accordance with the contract and refused to accept.    On this state of facts the court has confirmed the award and ordered a judgment against Largman, Gray Company.

We think the award was too vague and indefinite to warrant such an order.    We are mindful that in the consideration of trade arbitrations by business men we should be astute to avoid all legal technicality.    Nevertheless an award must be sufficiently clear to put beyond doubt what is required of each party to the arbitration. This award provided merely that Largman, Gray Company was to accept a specified quantity of silk " in accordance with the quality called for by the contracts."    It did not identify any particular silk as thus conforming.    There has never been any adjudication by the arbitrators that the silk last tendered by Albert J. Pfeiffer, Inc., was in accordance with the contract. Largman, Gray Company should not be compelled to pay the purchase price without a determination that the silk last actually

tendered to it was in conformity with the contract standards. The arbitrators must identify and approve the silk tendered or to be tendered by Albert J. Pfeiffer, Inc., before they can order the payment by Largman, Gray Company of the purchase price.

For these reasons the judgment and orders appealed from should be reversed, with costs, and the matter remitted to the arbitrators for further proceedings in accordance with section 1457 of the Civil Practice Act.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment and orders reversed, with costs, and the matter remitted to the arbitrators for further proceedings in accordance with section 1457 of the Civil Practice Act. Settle order on notice.