In the Matter of the Arbitration between LEO PERLOWIN et al., Respondents, and PERLOWIN STUDIOS, INC., Appellant.

First Department, June 12, 1951.

*David Haar* for appellant.

*Louis Bender* for respondents.

*Per Curiam.* This is an appeal from an order modifying an arbitration award, and from a judgment entered thereon directing payment of $11,050.68, with interest and costs. The arbitration was sought by respondents in order to recover the unpaid balance of the purchase price of goods sold and delivered. Under the contract the purchase price was subject to computation depending upon developments in the transactions between the parties. The purchaser (appellant) disputed the amount claimed by the sellers as the unpaid balance of the price, and asserted a counterclaim or offset for damages arising from alleged breach of the contract. All of these issues were included in the written submission to the arbitrators. The parties later entered into a stipulation which, although it did not limit the scope of the submission to arbitration, provided that if the arbitrators determined that appellant failed to sustain its claim to damages, then respondents would be entitled to a full affirmative money award in accordance with the terms of the contract of sale and as proved in the proceedings on their behalf. The accountant for appellant testified that such amount would be $11,050.68. The arbitrators rendered the following award:

" The claim of Perlowin Studios, Inc. for damages is disallowed.

"Perlowin Studios, Inc. shall pay to Leo Perlowin and Paul Perlowin the sum of Thirty-five hundred dollars ($3,500) in full settlement of their claims under the contract dated November 12, 1948, and no other sums shall be due or payable to them.

" Except for the sum above awarded, any other amounts withheld by Perlowin Studios, Inc. since September 1949, shall be retained by it.

" This award is in full settlement of all claims submitted by either party."

Respondents moved to modify this award under section 1462-a of the Civil Practice Act upon the ground that the arbitrators exceeded their powers, by granting less than the amount proved in the proceedings as the balance of the purchase price.

Statements in an arbitration award cannot be dealt with upon appeal as in the case of the report of a referee or the decision of the court after trial without a jury, where the appellate court is empowered under certain circumstances to render the judgment which the Special Term or the Referee ought to have rendered (Civ. Prac. Act, § 584). Instances in which an award can be modified are limited by section 1462-a. The only subdivision of that section under which the present situation might possibly fall would be subdivision 2, which provides that an award may be corrected so as to effect the intent thereof and promote justice as between the parties " Where the arbitrators have awarded upon a matter not submitted to them, not affecting the merits of the decision upon the matters submitted." In the present instance the arbitrators could only be held to have awarded upon a matter not submitted to them, if the stipulation were held to have modified the submission by limiting the scope of the arbitration to the claim of appellant for damages for breach of contract. In that event judgment could not be entered upon the arbitration award for the balance of the purchase price, inasmuch as under section 1464 the award is the authorization for entering a judgment and must be as broad as the judgment. In other words, a judgment cannot be entered in a statutory arbitration proceeding upon a matter which has not been submitted to the arbitrators. Probably for that reason, the parties hereto were careful not to circumscribe the submission by the stipulation; the stipulation did not limit the matters upon which the arbitrators were to act, but purported to direct how they should decide one aspect of the controversy. In failing to direct judgment for respondents in accordance with the stipulation and the evidence presented to them concerning the amount of the unpaid balance of the purchase price, in the face of what they said respecting damages, the arbitrators did not exceed the scope of the submission, but so imperfectly exercised their powers upon the subject matter before them that a mutual, final and definite award has not

been had. The award should be set aside under subdivision 4 of section 1462, and a rehearing should be conducted before the same arbitrators. The error was more than a matter of form. The emphatic statement in the award that no other sums than $3,500 shall be due or payable to respondents, and that this award is in full settlement of all claims submitted by either party, tends to undermine the statement that appellant's claim for damages is disallowed. The award is self-contradictory.

The order confirming the award and the judgment entered thereon should be reversed and the matter remanded to the same arbitrators. Upon the rehearing, the arbitrators will have an opportunity to state what they mean. Settle order.

PECK, P. J., DORE and VAN VOORHIS, JJ., concur; COHN and HEFFERNAN, JJ., dissent and vote to affirm.

Order confirming the award and the judgment entered thereon reversed and the matter remanded to the same arbitrators. Upon the rehearing, the arbitrators will have an opportunity to state what they mean. Settle order on notice. [See *post*, p. 941.]