Erwin Ainsworth, Respondent, v. Velton Gydesen, Defendant, and Charles Walker, Appellant.— Judgment and orders affirmed, with costs. All concur. (Appeal from a judgment for plaintiff against defendant Walker in an automobile negligence action. The orders denied motions for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

In the Matter of the Arbitration between Leo Minskoff et al., Doing Business as Minbros Construction Co., Appellant-Respondent, and Rhean Builders Corp., Respondent-Appellant.— Judgment and order reversed on the law and facts, without costs of this appeal to either party, and matter remitted to the same arbitrator for further proceedings in accordance with the memorandum. Memorandum: The arbitrator has failed to make a mutual, final and definite award. Although no final figure was specified in the arbitrator's report it was treated as containing an award to Minbros in the amount of $2,315.03 by making the computations indicated on page 44 of the report. These computations include the item of $7,700 claimed by Rhean for equipment which would seem to be disallowed from an examination of page 44 of the report and the item of $15,000 claimed by Minbros for delay which would seem to be allowed from an examination of page 44 of the report. However, other portions of the report are in conflict with page 44. The $7,700 item apparently is allowed Rhean on page 31 and the $15,000 item is not included on page 41 with the items allowed to Minbros. Further, the arbitrator on page 45 of his report states that it was impossible to arrive at the reason for the delay. Thus, the arbitrator's report is self-contradictory. The record contains conflicting affidavits of the arbitrator submitted by both parties in connection with their respective motions to modify the award. These affidavits may not be considered for the purpose of clarifying the intent of the arbitrator. If they were to be considered, they merely would confound the confused situation. Under these circumstances, the order appealed from should be reversed, the award vacated, and the matter remanded to the same arbitrator. Upon the rehearing, the arbitrator will have an opportunity to clarify his intentions. (Cf. *Matter of Perlowin* [*Perlowin Studios*], 278 App. Div. 348.) All concur. (Cross appeals from a judgment for Rhean Builders Corp. against petitioners in an arbitration proceeding. The order modified an award by the arbitrator.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

## (October 29, 1953.)

George Colon Contracting Corporation, Appellant, v. Joseph J. Morrison et al., Constituting the Watertown Housing Authority, Defendants, and Herman T. Stichman, as Commissioner of Housing of the State of New York, et al., Respondents.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order granting a motion to dismiss plaintiff's complaint as to defendants Commissioner of Housing and People of the State of New York in an action for damages for breach of a building contract.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.