[Civ. No. 15855. First Dist., Div. One. Apr. 13, 1954.]

UNITED STATES PLYWOOD CORP. (a Corporation), Respondent, v. HUDSON LUMBER COMPANY (a Corporation), Appellant.

Bruner & Minder, A. W. Bruner, Heller, Ehrman, White & McAuliffe, Lloyd W. Dinkelspiel and Lawrence C. Baker for Appellant.

Eugene M. Prince, Eugene D. Bennett, L. F. Kuechler and Pillsbury, Madison & Sutro for Respondent.

BRAY, J.—United States Plywood Corporation, a corporation, respondent here, petitioned the superior court for confirmation of award of arbitrators and entry of judgment in conformity therewith. Hudson Lumber Company, a corporation, the respondent below and appellant here, petitioned for the denial of that petition and for an order vacating said award. Appellant appeals from the judgment confirming and refusing to vacate said award.

### QUESTION PRESENTED

In a proceeding to confirm arbitrators' awards which are not inconsistent on their faces, is evidence received by the arbitrators admissible to prove that the awards are inconsistent?

### RECORD

This proceeding grows out of a contract dated December 9, 1947, wherein appellant agreed to buy and respondent to sell, over a long period of years commencing in 1948, merchantable cedar logs on a cost plus basis. The contract provides that as logs are delivered appellant is to pay at a tentative rate which is to be adjusted at such time as the cost of production is finally determined. Deliveries were made from August, 1948, to October 1, 1950, and a tentative price of $35 per 1000 feet net scale of logs paid. A controversy arose as to the proper method of determining the costs under the following paragraph of the contract: "With the exception of the stumpage charge payable pursuant to subdivision (i) hereof logging costs, as hereinabove defined, shall be computed on a common cost per M ft. for all species derived from the LaTour timber and this common cost will be the cost per M ft. of cedar logs delivered to HUDSON hereunder." There was a provision to the effect that the cost of logs should be determined by a designated firm of certified public accountants or such other certified public accountants as respondent should select. Respondent selected the firm of

Arthur Andersen and Company for this purpose. The contract provided for arbitration pursuant to the Rules of the American Arbitration Association. The parties submitted to arbitration two questions: (1) The claim made by appellant that improper cost accounting methods had been applied under the contract in determining the cost plus price for the years 1948 and 1949; (2) The claim made by appellant that in scaling logs under the contract there had been insufficient allowances for the fact "that said logs contained rot" which resulted in the respondent making deliveries of unmerchantable logs.

The arbitrators met, took evidence and made an award in favor of respondent on the accounting issue and in favor of appellant on the scaling issue. The awards were as follows:

"1. That the theory and basis of cost accounting as followed in the audits and reports of Arthur Andersen & Co. for the years 1948 and 1949 are pursuant to the proper construction of the contract of December 9, 1947.

"2. That HUDSON is entitled to a credit for payment to PLYWOOD under the contract for incense cedar logs delivered to October 31, 1950, which logs were not properly scales [scaled] as 'merchantable' under the contract, said credit being the sum of THIRTY-FOUR THOUSAND, SEVEN HUNDRED AND FIFTY-SEVEN DOLLARS AND SEVENTY CENTS ($34,757.70)."

### APPLICABLE LAW

Appellant contends that the second award is inconsistent with the first and therefore the arbitrators "so imperfectly executed . . . [their powers], that a mutual, final and definite award, upon the subject matter submitted, was not made." (Code Civ. Proc. § 1288, subd. (d).) That subdivision requires the setting aside of the award in such event.

Before discussing the situation here it is well to consider the legal effect of an award in arbitration. ▮ " . . . the superior court upon motion to confirm, and this court on appeal, has no power to review the sufficiency of the evidence to sustain the award . . . ▮ [I]t is well settled that both before the superior and appellate courts every intendment of validity must be given the award and that the burden is upon the one claiming error to support his contention. [Citation.] ▮ It has been held that the arbitrator need not make findings or give reasons for his conclusions. [Citation.] ▮ Certainly it is settled that the courts have no power to review the sufficiency of the evidence. [Citations.]" (*Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 184, 185

[260 P.2d 156].) ▇ As said in the Crofoot case, where an issue is submitted to arbitration, even if the arbitrators decided it incorrectly, their decision is not reviewable. Right or wrong it is conclusive. ''Questions of fact and the sufficiency of the evidence cannot be reviewed by the courts.'' (P. 190.) '' . . . an error of mixed law and fact, or of law'' is not reviewable by the court. (P. 190.) There is a strong public policy in favor of arbitration, of settling arbitrations speedily and with a minimum of court interference and of making the awards of arbitrators final and conclusive. ▇ '' . . . in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute.'' (Crofoot case, p. 186.) The statute referred to is section 1288, Code of Civil Procedure, prohibiting the vacation of such awards except under certain conditions, the only condition claimed to be applicable here being where the arbitrators ''so imperfectly executed'' their powers ''that a mutual, final and definite award upon the subject matter submitted, was not made.''

With these principles in mind we come to the determination of whether the awards here are mutual, final and definite. It is conceded that either award, if standing alone, could not be reviewed for the reasons given. But appellant claims that the second is completely inconsistent with the first award; that the Andersen method of computation which the arbitration board found to be the correct one does not permit of a dollar credit for unmerchantable deliveries and yet in the second award the board gave such dollar credit. At first appellant contended that under the Andersen theory there could be no dollar credit whatever for unmerchantable logs. Now it concedes respondent's contention that under that theory there could be a dollar credit for erroneous scaling in certain particulars but not to include a monetary credit for falling, bucking and limbing. Appellant then contends that such credit could not possibly under the evidence come to the amount awarded it, hence proving that the arbitrators in arriving at that amount did not use the Andersen method. This fact, contends appellant, would be demonstrated if the trial court had admitted certain evidence which was before the board. Appellant contends, in effect, that exhibit H-26 before the board (H-2 for identification before the court) should have been admitted not only as evidence of the facts upon which the board acted in arriving at award 2, but as

evidence of the issues before the board under that award. However, the exhibit did not have that effect and was merely evidentiary. Again, it is contended that the amount of the second award is identical to the penny with the credit which appellant claims by its method of computation. Thus, says appellant, the board in the first award found in favor of the Andersen theory and basis of cost accounting, but arrived at the second award on appellant's theory and basis of cost accounting. On the face of the awards and the record before the trial court no such inconsistency appears.

The trial court took the position that it could only admit evidence of *the issues* submitted to the arbitrators, but could not review evidence with respect to how they reached their conclusion, and therefore rejected appellant's offer of evidence received by the board which appellant claims showed the inconsistency and irreconcilability of the two awards. ■ This brings us to the crucial question as to whether, where no inconsistency appears on the face of the award, and where, as here, a money credit in some amount was possible under the theory of the first award the court may examine the evidence to ascertain if the credit was in a correct amount, or if the arbitrators in arriving at that amount used some method other than the one found by them to be the correct one. The answer is the court may not. To do so would violate the principle of the Crofoot case, *supra,* page 189: "Even if the arbitrator decided this point incorrectly, he did decide it. The issue was admitted properly before him. Right or wrong the parties have contracted that such a decision should be conclusive. At most, it is an error of law, not reviewable by the courts." ■ Once it is determined that a money credit can be given under the method found by the arbitrators, the court may not determine how they arrived at the figure they did; particularly is this so "since it is the law that the arbitrator is under no compulsion to explain his award or give reasons for his conclusions [citation], we must conclusively assume those conclusions are supported." (Crofoot case, p. 190.) If it be that the arbitrators used the wrong figures or method in the second award, the situation is identical with one of those in the Crofoot case where it was contended that the arbitrator used the wrong date in calculating the deduction of damages allowed as to certain items. The court said (p. 190): "If this were an error, a point we do not decide, it was an error of mixed law and fact, or of law, and, as such, not reviewable on this appeal."

The following extract from *Sapp* v. *Barenfeld*, 34 Cal.2d 515 [212 P.2d 233], shows how far the courts go in upholding arbitration. There the court after holding in effect that the only evidence before the board which is admissible in a court review of the award is that which shows what issues were before the arbitrators rather than on what evidence they decided those issues, said concerning a claim which it was contended the arbitrators failed to consider (p. 523): "The claim must be expressly raised at some time before the award. If it can only be implied from the facts alleged, the failure to consider it is only an error of judgment that in the absence of fraud or gross misconduct is not subject to judicial review. 'Even if the omission to find as to those items was due to a mistake on the part of the arbitrators, nevertheless the omission was in effect a disallowance of those items, which became final and conclusive when the award was made and proper notice thereof given to the interested parties.' "

In *In re Frick*, 130 Cal.App. 290 [19 P.2d 836], the transcript of the evidence before the arbitrators was offered in evidence and rejected by the trial court. In holding that the rejection was proper the reviewing court pointed out "that there was a decided controversy between the parties as to certain material facts; that the evidence of these facts was in wide conflict; that two of the arbitrators believed the evidence of respondent and found accordingly" (p. 293) and stated the applicable rule (p. 292): " . . . if arbitration was a 'general' one, the findings of the arbitrators on questions of law as well as on questions of fact are final and conclusive and may not be reviewed by the courts (except for fraud or similar misconduct or *unless the error appears on the face of the award*). (2 R.C.L. p. 392; 5 C.J., p. 161; 3 Cal.Jur. p. 77; *Peachy* v. *Ritchie*, 4 Cal 205, 207; *Carsley* v. *Lindsay*, 14 Cal. 390, 395; *Utah Const. Co.* v. *Western Pac. R. Co.*, 174 Cal. 156, 160 [162 P. 631].) " (Emphasis added.)

"Every reasonable intendment will be indulged to give effect to arbitration proceedings. An award made upon an unqualified submission will not be set aside on the ground that it is contrary to law unless the error appears on the face of the award . . . The arbitrators were not required to find facts nor to give reasons for their award [citations] nor to describe how they arrived at their decision." (*Popcorn Equipment Co.* v. *Page*, 92 Cal.App.2d 448, 451, 452 [207 P.2d 647].)

The cases cited by appellant as supporting their conten-

tion that the evidence upon which the arbitrators arrived at their decision is admissible in court to show the inconsistency of the awards do not so hold, as they are all cases where the inconsistency was evident on the face of the award. Moreover, the California cases were decided before the adoption of our present arbitration statutes, which very definitely increased the power of arbitrators. *Pierson* v. *Norman,* 2 Cal. 599, expressly stated: "It is evident, from merely reading the award, that it is uncertain and incomplete . . ." In *Boyd* v. *Bargagliotti,* 12 Cal.App. 228 [107 P. 150], "the proceeding, called an arbitration, was not, as is obvious, an arbitration under our code." The decision of the arbitrators on its face was not final as it left to be determined later the main question submitted, namely whether the work in question was performed as required by the award. In *Application of Albert J. Pfeiffer, Inc.,* 222 App.Div. 62 [225 N.Y.S. 294], and *Mercury Oil Refining Co.* v. *Oil Workers Int. Union, CIO,* 187 F.2d 980, it was held that the awards on their faces were too vague and indefinite to be enforceable. *Arcola Fabrics Corp.* v. *Brenda Modes, Inc.,* 72 N.Y.S.2d 700, at first glance lends comfort to appellant's contention. However, on analysis it is not in point. There it was held that the arbitrators so imperfectly exercised their powers that a mutual, final and definite award based on the question submitted of what amount of merchandise remained undelivered was not made. The arbitrators found that all merchandise had been delivered. It was conceded that this was not true, even the successful party admitting that some of the merchandise was undelivered. Thus, it was a situation where there was no evidence to support the award, rather than as in our case, a question of sufficiency of the evidence, a matter which the authorities hold a court may not inquire into. In *Modernage Furniture Corp.* v. *Weitz,* 64 N.Y.S.2d 467, the arbitrator found the salesmanager guilty of a willful refusal to enforce the employer's policy, sufficient cause for discharge, and yet sought to dispose of the issue by giving the manager a "warning" merely. The court held the arbitrator had no authority to make such disposition of the matter for having found the manager "guilty of the charge he should have reached the only legal conclusion possible, that is, that the employer had the right to discharge" him. (P. 469.) Obviously, all this appeared on the face of the award. In *Application of Perlowin* 278 App.Div. 348 [105 N.Y.S.2d 262], the award was set aside because it disregarded a stipulation of the parties

534

submitting the controversy to arbitration, which stipulation directed the arbitrators "how they should decide one aspect of the controversy." (P. 264 [105 N.Y.S.2d].) Clearly, arbitrators are limited to the issues presented to them.

On their faces the awards are definite, mutual and final. The arbitrators determined the method of cost accounting proper under the contract. If the arbitrators under the evidence before them did not properly apply that method to the credits due appellant, such error did not make the awards any the less definite, mutual or final. Actually, the error, if any, in the second award was in appellant's favor, as it contends that the second award was far greater than the application of the Andersen theory would justify and equals the exact amount appellant claims it should receive. In view of the record admissible in court, the fact that the second award equals the exact amount which appellant claimed, does not of itself make the awards on their faces any the less definite, mutual or final.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied May 13, 1954, and appellant's petition for a hearing by the Supreme Court was denied June 9, 1954.