In the Matter of the Arbitration between STEWART STAMPING CORPORATION, Petitioner, and ALBERT E. UPRICHARD, as President of Local 453, International Union of Electrical, Radio and Machine Workers, C. I. O., Respondent.

Supreme Court, Special Term, Westchester County, October 26, 1954.

*Walter Herzfeld* for petitioner.

*Irving Abramson* and *Everett E. Lewis* for respondent.

EAGER, J. This is a motion to stay arbitration. The respondent, a local labor union, has served notices pursuant to section 1458 of the Civil Practice Act, that, in accordance with the provisions of a certain collective bargaining agreement, it intends to proceed to arbitrate certain disputes claimed to have arisen between the union and an employer, parties to the agreement. There is a serious question as to the motives and good faith of the union in instituting arbitration at this time. However that may be, it does appear that, before proceeding toward the arbitration of the alleged disputes, the union elected to and did pursue a course clearly establishing a waiver of its right to proceed with arbitration. And it still adheres to the inconsistent attitude.

The agreement in question expressly provided that " since adequate provisions have been made in this agreement for the settlement of all disputes that might arise between the parties ", the union should not encourage or sanction any strike, stoppage, slowdown or other interruption of work. Instead, however, of availing itself of the " adequate provisions " made by the agreement, including particularly the remedy of arbitration, the union proceeded to engage in picketing the employer and did officially ratify and adopt a strike against the employer in order to obtain settlement of alleged disputes. The employer sued the union to restrain the picketing (which picketing publicized that there was a strike in progress), and sought a temporary injunction. The union resisted, but the injunction was granted and the order granting the same has just been affirmed by the Appellate Division. (See *Stewart Stamping Corp.* v. *Uprichard,* 284 App. Div. 902.) The action is still pending and undetermined.

It would clearly be inequitable and improper for this court to permit this union, on the one hand, to enforce arbitration provisions of this agreement, when, on the other hand, in disregard of the express provisions thereof, it had elected to, and still in a pending suit claims the right to, pursue a course of picketing and striking to obtain settlement of disputes.

The motion is granted. Submit order on notice.