In the Matter of the Arbitration between STEWART STAMPING CORPORATION, Respondent, and ALBERT E. UPRICHARD, as President of Local 453, International Union of Electrical, Radio and Machine Workers, C.I.O., Appellant.— Order granting motion to stay arbitration reversed, without costs, and motion denied, without costs. An agreement to arbitrate may be enforced even by the party violating the agreement. (*Matter of Kahn* [*National City Bank*], 284 N. Y. 515; *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76.) MacCrate, Beldock and Murphy, JJ., concur; Wenzel, Acting P. J., and Ughetta, J., dissent and vote to affirm the order, with the following memorandum: The contention that the collective bargaining agreement was *ipso facto* rescinded by appellant's breach of the " no strike " clause and respondent's notice to the effect that it considered the contract to be terminated is not in our view tenable so far as the arbitration provisions are concerned. A breach of a provision of a con-

tract by one party does not deprive the other of the right to insist upon arbitration. (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76; *Matter of Kahn* [*National City Bank*], 284 N. Y. 515.) On the other hand, it seems to us that the union, in officially authorizing the strike and asserting the propriety of such action by litigating the motion for an order enjoining picketing in connection therewith, waived and abandoned this privilege. The union had, on May 19, June 7 and June 11, 1954, respectively, given to the company written notification of alleged grievances with respect to working conditions, job classification and speed-up presses. This was prior to the inception of the wildcat strike; however, no attempt was made by the union to seek arbitration of these points until September 21, 1954 — more than a month after the strike became official and two weeks after an order had been granted restraining the picketing. Furthermore, the union shop chairman and all the stewards who had participated in the unauthorized walkout were discharged by the company, pursuant to the provisions of section 41 of the agreement, about one month prior to the official authorization of the strike. But this discharge was by express terms of said section 41 " subject to the grievance and arbitration provisions of this contract ". Here again, the union made no attempt to arbitrate until after the institution of the authorized strike and issuance of the picketing injunction. The " no strike " provision provides in part as follows: " Section 41. Since adequate provisions have been made in this Agreement for a settlement of all disputes that might arise between the parties, it is agreed that the Union or any of its representatives will not encourage, sanction or approve any strike, stoppage, slowdown or other interruption of work during the life of this Agreement over any matter subject to arbitration." The foregoing, coupled with the provision that " Arbitration shall be the sole and exclusive remedy for the settlement of disputes herein " indicate an intention of the parties that such real or fancied grievances as appear here should be submitted to arbitration and that a strike should in no event be resorted to. If the union had grievances, it was obviously required to submit them to arbitration. It should be inferred on all the facts presented that the union in authorizing the strike for the purpose of settling either or both of the disputes above referred to evinced an intent on its part thereafter to abandon arbitration as a remedy. (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15; see, also, *Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244.) In the light of this conduct it should now be estopped from claiming a right it has so obviously ignored and waived. (*Markel Elec. Products* v. *United Elec., Radio & Mach. Workers*, 202 F. 2d 437; *Matter of Haupt* v. *Rose*, 265 N. Y. 108.) This is a very different situation from those presented by the *Lipman* and *Kahn* cases (*supra*). Here the union has, in violation of its agreement, disregarded the arbitration provision and sought to enforce by means of a strike its claimed rights with respect to the *very matters it now seeks to arbitrate.* [206 Misc. 1001.]