Matthew M. Levy, J.
Arbitration is demanded by one party to the contract and is rejected by the other. One sued at law; the other sued to compel arbitration. One motion before me seeks to stay the lawsuit; the other asks that the arbitration proceedings be stayed. Both motions were argued together, will be considered together, and are consolidated for disposition. On the argument, the stricken stays proposed ex parte in the respective orders to show cause were reinstated pending determination.
The principal issue is that raised by Complete Machinery. It claims that Brown-Turner has failed to make the payments required to be made by it under the contract, and, as the agreement provides that “ [p] ending the hearing of the arbitration and its conclusion to final award, performance under the contract shall continue”, Brown-Turner itself has breached the contract, and is therefore not entitled to demand arbitration. In response, Brown-Turner, while admitting nonpayment as such, claims that poor and delayed work on Complete Machinery’s part in violation of the terms of the contract has given rise to a counterclaim in Brown-Turner’s favor far in excess of what would normally be due from Brown-Turner to Complete Machinery.
*787 It is not for the court, under this contract, to assay at this time the factual merits of either contending position. The arbitration clause provides that “ [i]f either during the progress of the work, or after the work shall have been fully completed, there shall arise a dispute or claim concerning either the performance, breach, interpretation, construction under any of the terms or provisions of this agreement or in connection with the settlement of the accounts of either of the parties pursuant thereto, either party hereunder may demand an arbitration of such dispute * * *. Any award made by the arbitrator as aforestated, shall be final, conclusive and binding upon the parties hereunder * * *. Such award, when made by the arbitrator may be enforced in any judicial forum, in accordance with the laws or court regulations pertaining thereto, and may be made the basis of a final judgment in any proceeding or action, if the same is permitted.”
This arbitration clause is quite broad and all-inclusive (cf. Matter of Bohlinger [National Cash Register Co.], 305 N. Y. 539). In the circumstances, the claims and counterclaims — as to performance and breach, the settlement of accounts, and directives and amounts — must be submitted to the agreed-upon arbitration. ‘ ‘ An agreement to arbitrate may be enforced even by the party violating the agreement. (Matter of Kahn [National City Bank], 284 N. Y. 515; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76.) ” (Matter of Stewart Stamping Corp. [Uprichard], 285 App. Div. 953.)
Accordingly, the motions are disposed of as follows: Petitioner’s application to compel arbitration and to stay all proceedings in the action instituted in this court by respondent as plaintiff against petitioner as defendant is in all respects granted. Plaintiff’s application to stay arbitration until after the trial of the action is denied. Settle one order of consolidation and disposition, reciting all papers on both motions.