■ In the Matter of PHILIP CHUFF, Respondent, against BOARD OF EDUCA-- TION OF CENTRAL SCHOOL DISTRICT No. 2 OF THE TOWNS OF FRANKFORT AND SCHUYLER et al., Appellants.— Order modified in accordance with the memorandum and as modified affirmed, with $50 costs and disbursements to the respondent, Philip Chuff. Memorandum: The order appealed from directs the respondents-appellants to reinstate the petitioner-respondent to his position as teacher in the schools of the Central School District and to pay to the petitioner-respondent his full compensation from the date of his suspension, September 4, 1957, to the date of his reinstatement, less any compensation he has received from other employment during that period. Since the show cause order dated September 24, 1957, upon which the proceeding was brought before the Special Term restrains the respondents-appellants from preferring or filing charges pending the hearing and determination of the proceeding, payment of compensation should be confined to the period between the date of suspension, September 4, 1957 and the date of the show cause order, September 24, 1957, less any compensation received from other employment. All concur. (Appeal from an order of Herkimer Special Term directing the reinstatement of petitioner to his position as teacher in the schools of the Central School District of Frankfort and Schuyler, and payment to him of full compensation from the date of his suspension, less compensation received from other employment.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ In the Matter of the Arbitration between LUBLIN CONSTRUCTION Co., INC., Appellant, and IRVING FRIED et al., Respondents.— Judgment and order reversed on the law and facts, with $25 costs and disbursements to the appellant, the award cancelled, and matter remitted to the same arbitrator for further proceedings in accordance with the memorandum. Memorandum: The record discloses that there was an evident confusion and miscalculation of figures in the arbitrator's award, that he exceeded his powers in that he made awards to the owners against the contractor upon matters not submitted to him; and that the interests of justice require that the judgment and order be reversed and the award be set aside and that the matter be remitted to the same arbitrator for a rehearing of the controversy. This will give the arbitrator an opportunity to clarify his intentions. (Civ. Prac. Act, §§ 1462, 1462-a; *Matter of Minskoff* [*Rheau Bldrs. Corp.*], 282 App. Div. 918; *Matter of Perlowin* [*Perlowin Studios*], 278 App. Div. 348.) All concur. (Appeal from a judgment of Erie Special Term awarding respondents judgment against petitioner. The order confirmed the award of the arbitrator, denied petitioner's motion to modify the award and directed entry of the judgment.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.