[Civ. No. 24737. Second Dist., Div. Two. Apr. 18, 1961.]

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v. JOHN R. BRUNNER, Appellant.

John R. Brunner, in pro. per., and Stuart J. Faber for Appellant.

Parker, Stanbury, Reese & McGee for Respondent.

ASHBURN, J.—John Richard Brunner appeals from an order confirming an arbitrator's award. Appellant was the insured in a combination automobile insurance policy which was in effect on January 16, 1958. It contained an agreement to pay to the insured damages for bodily injury caused by an uninsured automobile. Also the following: "6. ARBITRATION. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment

upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.''

An accident occurred on said January 16th and appellant claims to have received personal injuries and property damage. He filed an action in the United States District Court for the District of Columbia to recover from respondent upon said policy, apparently under the ''uninsured motorist endorsement'' and other policy provisions. The complaint was filed on July 6, 1959, and served on respondent the next day. Its contents are not disclosed by the record before us. So far as appears, the action lay dormant until after the arbitration award had been made pursuant to hearing held in Los Angeles, the award being dated September 24, 1959. On October 5, 1959, appellant filed an amended complaint in said District of Columbia court seeking judgment for $240,000 and a declaration that respondent had waived any right to an arbitration. This was 11 days after the making of the arbitration award.

Meantime the American Arbitration Association (whose rules were to be pursued with respect to any arbitration, as provided in paragraph 6 quoted *supra*) appointed Felix F. Silver as sole arbitrator of the controversy between the parties hereto. He qualified and caused notice of hearing to be given by registered mail to both parties. In absence of proof to the contrary it is presumed that all these proceedings were regularly and properly taken. ██ *Popcorn Equipment Co.* v. *Page*, 92 Cal.App.2d 448, 451 [207 P.2d 647] : ''Every reasonable intendment will be indulged to give effect to arbitration proceedings. An award made upon an unqualified submission will not be set aside on the ground that it is contrary to law unless the error appears on the face of the award and causes substantial injustice. [Citation.] ██ To justify the setting aside of the award on account of error it must be shown that the rights of one of the parties is prejudiced by the award. [Citation.] ██ The burden is on the party objecting to the award to show affirmatively that error was committed by the arbitrators. [Citations.]'' To same effect see *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 195 [260 P.2d 156]; *Straus* v. *North Hollywood Hospital, Inc.*, 150 Cal.App.2d 306, 310 [309 P.2d 541].

Appellant did not attend the arbitrator's hearing, although he had been duly notified; hence it proceeded without him and

an award was made on September 24, 1959 to the effect that respondent pay appellant $285 and bear all administrative fees and expenses of the proceeding.

The award also says: "This Award is in full settlement of all claims filed by either party against the other." This obviously means all claims with respect to the subject matter of arbitration—the uninsured motorist endorsement.

Respondent's motion to confirm the award was filed on October 29, 1959, returnable on November 5, 1959. Thereupon appellant filed on November 4, 1959, an application for stay of the arbitration proceeding "until such time as the action presently in the United States District Court for the District of Columbia is finally terminated, or, in the alternative, 2. Continuing this hearing for a sufficient time to permit me to take depositions and prepare myself to resist the instant action." The application sets forth the fact of filing the original District of Columbia complaint on July 6, 1959, and serving same upon defendant on July 7, 1959; attached to it is a copy of an amended complaint which was filed on October 5, 1959, 11 days after the arbitrator's award was made. That complaint attempts to plead fraud and repudiation of contract on the part of respondent in withholding from appellant information concerning the uninsured automobile coverage. Elsewhere in the record (his request for admissions) it appears that the desired information was furnished appellant on January 8, 1959, about 10 months before the application for a stay and almost 7 months prior to his receiving notice of hearing to be held by the arbitrator.

Essentially the application for a stay is an attack upon the arbitration. It contains these paragraphs: "6. One of the principal issues to be determined, among others, in the aforesaid action presently pending in the United States District Court for the District of Columbia is whether the Government Employees Insurance Company, applicant herein, had, by its fraud, by its breach and repudiation of the instant contract of insurance, and by other wrongful acts, waived any right to resolve by arbitration any disagreements between the Government Employees Insurance Company and this affiant. 7. I do not concede the validity of the purported arbitrator's award submitted for approval herein and, should it become appropriate for me to do so, I will contest the award upon such grounds as may be available to me in the instant proceedings and/or in such other actions as may properly be brought. 8. Should I

prevail in the aforesaid action, *I.E.*, should the United States District Court for the District of Columbia declare invalid any arbitration proceedings whatever, it would be unnecessary for me to attack the purported arbitrator's award presented to this Honorable Court on the specific points of its invalidity.''

The motion to confirm and the application for stay were heard at the same time; the former was granted and the other denied.

 Appellant's arguments invoke an analogy to the rules governing the plea of another action pending, and he relies basically upon the argument that the original complaint in the District of Columbia action having been filed before the arbitration proceeding was begun, the latter must be stayed until termination of the former. The analogy is not a true one and this for several reasons.

Were we dealing with two court actions the pendency of a prior action in another jurisdiction would not afford compulsory ground for a stay of the local proceeding. (1 Cal.Jur.2d § 33, p. 59; appellant's cited cases of *Dodge* v. *Superior Court*, 139 Cal.App. 178, 181 [33 P.2d 695], and *Simmons* v. *Superior Court*, 96 Cal.App.2d 119 [214 P.2d 844, 19 A.L.R.2d 288], are not to the contrary.)

More important, however, is the differentiating nature of an arbitration. One of its major reasons for being is avoidance of delays incidental to court actions. ''The laws with reference to arbitration were passed primarily for the purpose of expediting and facilitating the settlement of disputes and to overcome delays caused by litigation. They are not enacted to provide a means of creating delay.'' (*Pneucrete Corp.* v. *United States Fid. & Guar. Co.*, 7 Cal.App.2d 733, 740 [46 P.2d 1000].)

 If both proceedings were pending in this jurisdiction section 1284, Code of Civil Procedure, would be controlling. It says: ''If any suit or proceeding be brought upon any issue arising out of an agreement providing for the arbitration thereof, the court in which such suit or proceeding is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration, shall stay the action until an arbitration has been had in accordance with the terms of the agreement; provided, that the applicant for the stay is not in default in proceeding with such arbitration.'' Certainly it points directly to the proper disposition of the instant proceeding.

Volume 5, California Jurisprudence 2d, section 14, page 89: "In considering whether to stay a pending suit, the court must decide whether the subject matter is referable to arbitration. If so, the action will be stayed."

█ *Tas-T-Nut Co.* v. *Continental Nut Co.*, 125 Cal.App.2d 351, 358 [270 P.2d 43] : "Where parties have agreed to arbitrate their differences it is the clear intent of the California arbitration statute that courts should enforce the performance of that agreement and when, notwithstanding the agreement, suit has been filed, the statute specially enjoins the court, if the defendant seeks to claim the right to arbitrate, to stay the court action until arbitration has been accomplished, affording in the meantime ample remedies to either party to compel the performance of the mutual obligation of the parties."

To the same effect see *Lipman* v. *Haeuser Shellac Co.*, 289 N.Y. 76 [43 N.E.2d 817, 818, 819] ; *Hudson Wholesale Grocery Co.* v. *Allied Trades Council of A.F.L.*, 3 N.J.Super. 327 [65 A.2d 557, 559] ; *Samuel Kaplan & Sons, Inc.* v. *Fascinator Blouse Co., Inc.*, 70 N.Y.S.2d 8, 9 ; *Davis Stewart Commercial Corp.* v. *Strathcona Co.*, 81 N.Y.S.2d 729, 730 ; *Brown-Turner, Inc.* v. *Complete Mach. & Equip. Co.*, 4 Misc.2d 786 [158 N.Y.S.2d 959, 961] ; *Arbitration of S. H. Kress & Co.*, 54 N.Y.S.2d 552 ; *Application of Metropolitan Life Ins. Co.*, 194 Misc. 511 [86 N.Y.S.2d 718, 719].

Appellant's claim that respondent waived or forfeited its right to arbitration is not supported by any substantial showing. Nor are the charges of fraud, found in the application for a stay and in the amended complaint. The above quoted paragraphs 6 to 8 of the application, and paragraph 13 of the amended complaint, contain the attempted fraud charges, but they are too vague to be entitled to recognition.

█ Moreover, sections 1287-1289, Code of Civil Procedure, prescribe the exclusive method of review of an arbitration award. Section 1287, relating to an application for confirmation, says, "and thereupon said court must grant such an order unless the award is vacated, modified or corrected, as prescribed in the next two sections." █ "There is a strong public policy in favor of arbitration, of settling arbitrations speedily and with a minimum of court interference and of making the awards of arbitrators final and conclusive. █ '. . . in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided

in the statute.' (Crofoot case, p. 186.) The statute referred to is section 1288, Code of Civil Procedure, prohibiting the vacation of such awards except under certain conditions, the only condition claimed to be applicable here being where the arbitrators 'so imperfectly executed' their powers 'that a mutual, final and definite award upon the subject matter submitted, was not made.' '' (*United States Plywood Corp.* v. *Hudson Lumber Co.,* 124 Cal.App.2d 527, 530 [269 P.2d 93].)

 There is no merit in the contention that respondent should have pursued section 1282, which provides: ''A party aggrieved by the failure, neglect or refusal of another to perform under an agreement in writing providing for arbitration may petition any superior court of the county or city and county where either party resides, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of the hearing of such application shall be served personally upon the party in default. The court shall hear the parties, and upon being satisfied that the making of the agreement or such failure to comply therewith is not in issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the agreement or the default be in issue an order shall be made directing a summary trial thereof. . . . If the finding be that a written provision for arbitration was made and there is a default in proceeding thereunder, an order shall be made summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.'' Pertaining to this matter the Supreme Court said, in *Weiman* v. *Superior Court,* 51 Cal.2d 710, 712 [336 P.2d 489]: ''The consideration of this contention requires a brief analysis of section 1282. As we read the section, it appears that the only purpose of a proceeding thereunder is to obtain an 'order directing that such arbitration proceed in the manner provided for in' the agreement of the parties. It further appears clear that the only appropriate issues of fact which may be raised for determination upon a 'summary trial' under that section are (1) whether 'a written provision for arbitration was made' and (2) whether 'there is a default in proceeding thereunder.' Thus, the word 'default,' as used throughout the section, obviously refers only to the 'default' of a party in refusing to proceed to arbitration as agreed rather than to a default by a party under the main

provisions of the parties' contract. As was said in *Pneucrete Corp.* v. *United States Fid. & Guar. Co.,* 7 Cal.App.2d 733, at page 740 [46 P.2d 1000] : 'The default mentioned in section 1282 of the Code of Civil Procedure refers to "the failure to comply with the agreement to arbitrate." ' We therefore conclude that where the parties have admittedly agreed in writing, as in the present case, that 'Any disagreement arising out of this contract . . . shall be submitted to arbitration,' then the only 'default' which need be shown before an order for arbitration may be made under section 1282 is that a 'disagreement' has arisen and that a party has refused to submit such 'disagreement' to arbitration. Any other interpretation of the section would defeat the main purpose of arbitration proceedings, which is to obtain an expeditious hearing and determination by arbitrators of any 'disagreement' which may arise." Clearly, section 1282 was not applicable to the situation at bar.

Brunner appeals from the order of confirmation, as the statute (§ 1293) authorizes him to do : "An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action."

The order confirming the arbitrator's award herein is affirmed.

Fox, P. J., and McMurray, J. pro tem.,* concurred.

A petition for a rehearing was denied May 12, 1961, and appellant's petition for a hearing by the Supreme Court was denied June 14, 1961.

---

*Assigned by Chairman of Judicial Council.