OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, the order entered January 3, 2011 is vacated, and the matter is remitted to the arbitrator to determine, in accordance with the decision herein, whether petitioner is entitled to an amount over and above the $4,750 awarded and to make a final unconditional determination of the amount due petitioner.
At an arbitration hearing, petitioner obtained an award in the amount of $4,000 as liquidated damages, based upon respondent’s breach of an alarm monitoring contract. The award also stated: “Petitioner shall have the right to obtain access to the premises to remove all alarm equipment within 30 days of the date of this order. Failure of the Respondent to allow access will *3 result in [ ] the Petitioner being awarded $6,641.15.” Subsequently, petitioner obtained a supplemental award, which noted that the original award had “awarded the petition [sic] $4,000 and required the respondent to allow petitioner access to his premises to remove the alarm equipment” and that “[f]ailure to allow access would result in an award of the full amount demanded, $6641.15.” It then stated that the award was modified to the extent that petitioner was granted $750 in attorney’s fees, which had not been previously awarded, but that the award “otherwise remained] unchanged.” The award did not set forth a final total amount awarded.
Within a year of the delivery of the award, petitioner commenced this special proceeding to confirm the award pursuant to CPLR 7510. In its verified petition, petitioner stated that “Respondent did not permit Petitioner access to remove the equipment in accordance with the award’s directive.” Petitioner sought $6,641.15, pursuant to the original award, $750 pursuant to the supplemental award, and $750 for its additional counsel fees to confirm and enforce the award.
By order entered January 3, 2011, the Civil Court granted the petition to the extent of confirming an award in the sum of $4,750, and implicitly denied petitioner’s application for additional counsel fees. A judgment was subsequently entered awarding petitioner the principal sum of $4,750. Petitioner appeals from the judgment to the extent that it did not award it the full amount sought.
An arbitration award “must be certain and definite” (5 NY Jur 2d, Arbitration and Award § 190). Here, the additional amount sought by petitioner was conditioned upon uncertain and unpredictable future events and, thus, was not properly subject to confirmation by the courts (see Matter of Publishers’ Assn. of N.Y. City [Newspaper & Mail Deliverers’ Union of N.Y.], 280 App Div 500, 507 [1952]). Accordingly, we find that the Civil Court did not err in failing to confirm the conditional amount awarded by the original and supplemental arbitration awards. Because the arbitrator did not make a certain and definite determination as to the amount to which petitioner is entitled, we find that the matter must be remitted to the arbitrator solely to determine if petitioner is entitled to an amount over and above the $4,750 awarded, based upon respondent’s alleged failure to allow petitioner to remove its equipment (see Hamilton Partners v Singer, 290 AD2d 316 [2002]; Matter of Thompson [S.L.T. Ready-Mix, Div. of Tor *4 rington Indus.], 216 AD2d 656, 658 [1995]; Matter of Pfeiffer, Inc. [Largman, Gray Co.], 222 App Div 62, 63 [1927]).
Accordingly, we reverse the judgment, vacate the order entered January 3, 2011, and remit the matter to the arbitrator to determine whether petitioner is entitled to an amount over and above the $4,750 awarded and to make a final unconditional determination of the amount due petitioner.
Weston, J.E, Pesce and Rios, JJ., concur.